IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE SCALIA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CV-00546-CCW |
| | ) | |
| vs. | ) | |
| | ) | |
| ELDER RESOURCE MANAGEMENT, | ) | |
| INC., STAFF SOURCE INC., ANNA | ) | |
| ZAYDENBERG, MARSHA SIMONDS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER DENYING DEFENDANTS' MOTION IN THE ALTERNATIVE
TO DEFER PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

Before the Court are Defendants' Motion in the Alternative to Defer to Plaintiff's Motion

for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(d), and Supplemental

Motion Pursuant to Federal Rule of Civil Procedure 56(d). ECF Nos. 60 and 67. For the following

reasons, Defendants' motions are DENIED.

## I.    Background

Defendant Elder Resource Management, Inc. d/b/a ComForCare Senior Service is a home

care agency that provides non-skilled companionship and caregiving services to its clients. Mem.

of Law in Supp. of Defs.' Mot. for Sum. Judg., ECF No. 45, at 4. Defendant Anna Zaydenberg

has been the sole owner of Elder Resource Management since 2007. Am. Concise Stat. of Mat.

Facts, ECF No. 55, at ¶ 3. Defendant Staff Source, Inc. is a staffing agency. Mem. of Law in

Supp. of Defs.' Mot. for Summ. J., ECF No. 45, at 4. Defendant Marsha Simonds is Defendant

1

Zaydenberg's daughter and the sole owner of Defendant Staff Source.  Am. Concise Stat. of Mat. Facts, ECF No. 55, at ¶¶ 17–19.

In May 2019, the Department of Labor filed a complaint under sections 7, 11(c), 15(a)(2), and 15(a)(5) the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "Act") against Defendants.  Compl., ECF No. 1.  The Department of Labor alleged that Defendants unlawfully avoided paying Elder Resource Management's employees who worked overtime by putting those employees on Staff Source's payroll and splitting the employees' hours between the companies so no employee worked more than 40 hours per week for either company.  *See generally*, Compl., ECF No. 1.

Defendants answered the complaint in July 2019 and the case proceeded to discovery, which has since closed.

During discovery, the Department of Labor provided Rule 26 initial disclosures to the Defendants that identified over 300 of Defendants' current and former employees whom the Department of Labor intended to rely upon for their "knowledge concerning the nature of their jobs, hours (including overtime hours) worked, and pay, as well as the business operations of Elder Resource Management, Inc., Staff Source, Inc., Anna Zaydenberg, and Marsha Simonds."  Decl. of J. Rodriguez, ECF No. 61-1, at p. 6, ¶ 2.

The parties filed cross motions for summary judgment on October 2, 2020.  ECF Nos. 40, 44.  In support of its motion for summary judgment, the Department of Labor filed several declarations of Defendants' current and former employees, and portions of Defendants' subpoenaed bank records and ledgers.  ECF No. 42-10;  ECF No. 58-10; ECF No. 58-8.

Defendants filed a motion and then a supplemental motion seeking to reopen discovery under Federal Rule of Civil Procedure 56(d) with respect to three declarations that the Department

of Labor used to support its motion for summary judgment, and with respect to Defendants' bank records and ledgers that the Department of Labor filed in support of its motion for summary judgment.  *See* Mot. for Altern. Relief Pursuant to Rule 56(d), ECF No. 60;  Br. in Supp. of Defs.' Rule 56(d) Mot., ECF No. 61, at 2, 5;  Suppl. Mot. Pursuant Rule 56(d),  ECF No. 67.  Defendants contend that the Department of Labor failed to supplement its initial disclosures with the subpoenaed records and the three declarations.  *See* Br. in Supp. of Defs.' Rule 56(d) Mot., ECF No. 61.  Defendants seek to delay resolution of Plaintiff's motion for summary judgment so that Defendants may conduct limited discovery as to the three declarations and the subpoenaed records. Mot. for Altern. Relief Pursuant to Rule 56(d), ECF No. 60;  Suppl. Mot. Pursuant Rule 56(d), ECF No. 67.

## II.   Disclosures and Discovery

The Department of Labor made its initial disclosures on September 27, 2019.  Br. in Opp. to Mot. to Defer, ECF No. 66, at 2.  Defendants acknowledge that the Department of Labor's Rule 26(a) disclosures identified over 340 of Defendants' current and former employees as individuals who have "knowledge concerning the nature of their jobs, hours (including overtime hours) worked, and pay, as well as the business operations of Elder Resource Management, Inc., Staff Source, Inc., Anna Zaydenberg, and Marsha Simonds (collectively "Defendants')."  Decl. of J. Rodriguez, ECF No. 61-1, at Ex. 1.  The Department of Labor disclosed the identifies of the declarants of all three challenged declarations in its initial disclosures.  Decl. of J. Rodriguez, ECF No. 61-1, at ¶ 11,  Ex. 1;  Opp. to Defs.' Mot. for Summ. J., ECF No. 58-10, at p. 12.

The Defendants also acknowledge that the Department of Labor's Rule 26(a) disclosures included "[a]ny additional non-privileged documents (or non-privileged portions of documents)

that may have been acquired by WHD [the Wage and Hour Division] and/or the Office of the Solicitor during the course of the ligation."  Decl. of J. Rodriguez, ECF No. 61-1, at Ex. 1.

The discovery period for this case lasted approximately ten months, and during that time, defendants took only one deposition and never served any written discovery requests.  Br. in Opp. to Mot. to Defer, ECF No. 66, at 2.

## III.    Legal Standards

"[A] Court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."  *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007).  "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition the court may:  (1) defer considering the motion or deny it;  (2) allow time to obtain affidavits or declarations or to take discovery;  or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  "If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law."  *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015).

Federal Rule of Civil Procedure 26(a) obligates parties to disclose the identities of individuals whose testimony they intend to use in support of their case, including the identities of non-expert affiants in support of summary judgment.  *See In re Mercedes-Benz Anti-Trust Litig*., 225 F.R.D. 498, 505 (D.N.J. 2005).  The Federal Rules do not require parties to supplement their disclosures with declarations of previously disclosed witnesses in advance of summary judgment. *S.E.C. v. Poirier*, 140 F.Supp.2d 1030, 1041 (D. Ariz. 2001);  *see also, Ward v. J. C. Penney Co.*, No. 14-2301-STA-dkv, 2015 U.S. Dist. LEXIS 84649, at *13 n.6 (W.D. Tenn. June 3, 2015) ("Arreola has cited no authority for his claim that a summary judgment affidavit must be disclosed

4

during discovery.  It appears that Carlton disclosed Tole as a witness in its initial disclosures and thereby satisfied its obligations under the Federal Rules of Civil Procedure.").  Rule 26 initial disclosures are not intended to act as a substitute for the opposing party's responsibility to conduct discovery.  *See Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 459 (3d Cir. 2003); *Superior Offshore Int'l, Inc. v. Bristow Grp., Inc.*, 490 Fed. Appx. 492, 502 (3d Cir. 2012); *Marrero v. Misey Rest., Inc.*, Civ. No. 17-1911(MDM), 2019 U.S. Dist. LEXIS 215332, at *12 (D.D.R. Dec. 13, 2019);  *Chandler v. CHS-Park View, Inc.*, Case No. 1:20-cv-0223-HJW, 2013 U.S. Dist. LEXIS 66271, at *25 (S.D. Ohio May 9, 2013);  *compare*, *Hurst v. Youngelson*, 354 F.Supp.3d 1362, 1384 n.6 (N.D. Ga. 2019) (refusing to accept declaration in support of summary judgment where the declarant's identity was not disclosed in the rule 26(a) initial disclosures).

## IV.  Application

Defendants overstate the Department of Labor's initial disclosure obligations in an attempt to conflate Rule 26(a) disclosures with the discovery process.  It is undisputed that the Department of Labor identified the declarants of the challenged declarations in its initial disclosures.  Decl. of J. Rodriguez, ECF No. 61-1, at ¶ 11,  Ex. 1;  Opp. to Defs.' Mot. for Summ. J., ECF No. 58-10, at p. 12.  The Department of Labor had a duty to disclose the identities of the declarants, which it satisfied.  The Department of Labor was not obligated by Rule 26(a) to turn over summary judgment declarations of previously-identified individuals to the Defendants, especially here, where the Defendants chose not to conduct any written discovery and the lengthy discovery period has closed.  In addition, each of the challenged declarants is or was Defendants' own employee, so Defendants could have communicated with the declarants informally during discovery to gain information, or, if desired, taken the declarants' depositions.  Defendants apparently did not take such steps.

Defendants also contend that the Department of Labor was required to supplement is initial disclosures regarding the Defendants' bank records and ledgers that the Department of Labor submitted in support of its motion for summary judgment.  The documents at issue are Defendants' own bank records and ledgers, obtained from the Department of Labor's subpoenas, of which Plaintiff had notice.  *See* Supp. Rule 56(d) Mot., ECF No. 67, at ¶ 4;  Br. in Opp. to Supp. Mot. to Defer, ECF No. 76, at Ex. C.  The Department of Labor's initial disclosures put Defendants on notice that it would rely on any documents acquired by the Office of the Solicitor for the Department of Labor, and the challenged documents were obtained by the Solicitor via subpoena. Defendants were provided with notice of the subpoenas and could have requested copies of the documents received pursuant to such subpoenas.  *See* Decl. of J. Rodriguez, ECF No. 61-1, at ¶ 11, Ex. 1.

The case law is clear that "a Court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."  *See Abington Friends Sch.*, 480 F.3d at 257.  And Rule 56(d) provides a mechanism to provide for discovery where a party has an inadequate opportunity to obtain discovery.  *See* Fed. R. Civ. P. 56(d).  Here, though Defendants contend that the Department of Labor surprised them with its October 2, 2020 motion for summary judgment, Defendants had ample opportunity to conduct discovery and chose not to depose the declarants.[1] Defendants also had knowledge of their own bank records and the fact that such records had been subpoenaed by the Department of Labor.  The fact that Defendants look back on their decision to

---

[1] Even assuming for the sake of argument that the Department of Labor erred by not turning over the challenged affidavits in advance of summary judgment, which this Court has not found, that error would not impact the parties' respective positions relating to summary judgment.  Defendants claim that three of the Department of Labor's declarations in support of summary judgment were filed without advance notice.  However, the Department of Labor filed other declarations of Defendants' employees that set out the same allegations described by the challenged declarations.  *See generally* Stat. of Uncontested Mat. Facts in Supp. of Pl.'s Mot. for Summ. J., ECF No. 42-10. Therefore, the Department of Labor's summary judgment motion does not turn on the contested declarations and Defendants had independent notice of Department of Labor's reliance on allegations of Defendants' conduct as described in the contested declarations by virtue of the uncontested declarations.

forego written discovery requests and take only one deposition with regret is not evidence that they lacked an opportunity to obtain discovery.  Accordingly, the Court finds that Plaintiff met its Rule 26(a) disclosure obligations with respect to the challenged declarants and documents, and it is not necessary or appropriate to reopen discovery prior to resolving Plaintiff's pending motions for summary judgment.

## V.  Conclusion

IT IS HEREBY ORDERED that Defendants' motions for relief under Rule 56(d) (ECF Nos. 60, 67) are denied.

DATED this 16th day of December, 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record