IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE SCALIA,                                   )
                                                 )
                                                 )        2:19-CV-00546-CCW
                     Plaintiff,                  )
                                                 )
        vs.                                      )
                                                 )
ELDER RESOURCE MANAGEMENT,                       )
INC., STAFF SOURCE INC., ANNA                    )
ZAYDENBERG, MARSHA SIMONDS,                      )
                                                 )
                                                 )
                     Defendants.                 )
                                                 )
                                                 )
                                                 )

**OPINION AND ORDER DENYING MOTION TO STAY**

Before this Court is Defendants' Motion to Stay.  ECF No. 74.  For the following reasons,

Defendants' Motion is DENIED.

**I.     Background**

Defendant Elder Resource Management, Inc. d/b/a ComForCare Senior Service is a home

care agency that provides non-skilled companionship and caregiving services to its clients.  Mem.

of Law in Supp. of Defs.' Mot. for Sum. Judg., ECF No. 45, at 4.  Defendant Anna Zaydenberg

has been the sole owner of Elder Resource Management since 2007.  Am. Concise Stat. of Material

Facts, ECF No. 55, at ¶ 3.  Defendant Staff Source, Inc. is a staffing agency.  Mem. of Law in

Supp. of Defs.' Mot. for Sum. Judg., ECF No. 45, at 4.  Defendant Marsha Simonds is Defendant

Zaydenberg's daughter and the sole owner of Defendant Staff Source.  Am. Concise Stat. of

Material Facts, ECF No. 55, at ¶¶ 17–19.

In May 2019, the Department of Labor filed a complaint under sections 7, 11(c), 15(a)(2),

and 15(a)(5) the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "Act") against

Defendants.  Compl., ECF No. 1.  The Department of Labor alleged that Defendants unlawfully

avoided paying Elder Resource Management's employees who worked overtime by putting those employees on Staff Source's payroll and splitting the employees' hours between the companies so no employee worked more than 40 hours per week for either company. *See generally*, Compl., ECF No. 1.

Defendants answered the complaint in July 2019. ECF No. 8. The case proceeded to discovery which has since closed, and the parties filed cross-motions for summary judgment on October 2, 2020, which are now fully briefed. *See* Pl.'s Mot. for Summ. J., ECF No. 40; Defs.' Mot. for Summ. J., ECF No. 44.

On November 17, 2020, Defendants filed an "Emergency" Motion to Stay the case pending the outcome of another case, *Agewell Home Helpers, Inc. v. U.S. Dep't of Labor*, Civil Action No. 2:20-cv-01773 (W.D. Pa.) (Hardy, J.), that was filed on November 13, 2020. Mot. to Stay, ECF No. 74. *Agewell Home Helpers* is a declaratory and injunctive action through which the plaintiff seeks to establish that its direct care workers who provide in-home necessary companionship and assistance to older individuals and individuals with disabilities are exempt from FLSA minimum wage and overtime requirements under the companionship exemption. *See* 2:20-cv-01773, ECF No. 1. According to Defendants, if the plaintiff in *Agewell Home Helpers* succeeds in establishing that the companionship exemption applies to direct care workers, that ruling would undermine the rationale that prompted the Department of Labor to prosecute this case. On December 11, 2020, the *Agewell Home Helpers* case was consolidated with *Intra-National Homecare, LLC v. U.S. Dep't of Labor*, Civil Action No. 2:20-cv-1545 (W.D. Pa.) (Hardy, J.) (the "Consolidated Docket"), ECF No. 12; *Agewell Home Helpers, Inc. v. U.S. Dep't of Labor*, Civil Action No. 2:20-cv-01773-WSH (W.D. Pa.) (Hardy, J.), ECF No. 11.

## II.    Legal Standards

Generally, a court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); *see also United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994); *In re Chickie's & Pete's Wage and Hour Litig.*, Civil Action No. 12-6820, 2013 WL 2434611, at *2 (E.D. Pa. June 5, 2013). Nevertheless, a stay is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); *see also*, *Breyer*, 41 F.3d at 893; *Structural Grp., Inc. v. Liberty Mut. Ins. Co.*, Civil Action No. 1:07-cv-01793, 2011 U.S. Dist. LEXIS 60437 (M.D. Pa. June 6, 2011). In deciding whether to grant a stay, courts in this Circuit weigh four non-exhaustive factors:

> (1) The length of the stay requested;  (2) the hardship that the moving party would face if the stay were not granted;  (3) the injury that a stay would cause to the non-movant;  and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy.

*Duchene v. Westlake Servs., LLC*, Civil Action No. 2:13-cv-01577, 2015 WL 5947669, at *2 (W.D. Pa. Oct. 13, 2015) (Hornak, C.J., then-J.);  *see also*, *Gennock v. Kirkland's Inc.*, Civil Action No. 17-454, 2018 WL 646141, at *2 (W.D. Pa. Jan. 31, 2018) (Mitchell, M.J.);  *In re Chickie's*, 2013 WL 2434611, at *2.

The fact that a requested stay's duration is indefinite and there is no way to accurately predict the length weighs against granting the stay. *See Exclusive Supplements, Inc. v. Abdelgawad*, Civil Action No. 2:12-cv-1652, 2013 U.S. Dist. LEXIS 5517, at *4 (W.D. Pa. Jan. 15, 2013) (Bissoon, J.);  *see e.g., Am. Builders Ins. Co. v. Keystone Ins. Grp., Inc.*, Civil Action

No. 4:19-cv-01497, 2020 U.S. Dist. LEXIS at *5 (M.D. Pa. Aug. 20, 2020); *In re Chickie's*, 2013 WL 2434611, at *2 (denying request for stay while Department of Labor investigated defendants' restaurant business practices during preceding three years, citing indefinite length of that investigation as a contributing factor). By contrast, "[a] relatively short delay of definite duration" does not weigh against granting a stay because the stay "would not likely affect the availability of evidence or the memory of witnesses." *Duchene*, 2015 WL 5947669, at *3; *Gennock*, 2018 WL 646141, at *2.

While the risk of *unnecessary* proceedings and expenses in connection therewith weigh in favor of a stay, the expense of litigation where the stay would not render the litigation unnecessary does not favor a stay. *Duchene*, 2015 WL 5947669, at *3; *In re Chickie's*, 2013 WL 2434611, at *3.

The movant must demonstrate a "clear case of hardship or inequity" when there is "even a fair possibility" that a stay will harm the nonmoving party. *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983) (quoting *Landis*, 299 U.S. at 255); *Rajput v. Synchrony Bank*, 2016 U.S. Dist. LEXIS 150231, at *10 (M.D. Pa. Oct. 31, 2016).

The fact that the proceeding that controls the length of the stay is in its infancy weighs against granting a stay. *Exclusive Supplements*, 2013 U.S. Dist. LEXIS 551, at *4.

## III.    Discussion

After consideration of the relevant factors, the Court finds, in its discretion, that the extraordinary measure of a stay is not warranted under the circumstances of this case.

### A.  Indefinite Duration Weighs Against Stay

First, Defendants seek a stay for the duration of the *Agewell Home Helpers* case, which was recently filed on November 13, 2020 and was consolidated with the *Intra-National Homecare, LLC et al.* case on December 11, 2020.  The duration of the consolidated *Agewell/Intra-National Homecare* litigation is indefinite and depends on a host of factors, including the disposition of motions practice and availability of witnesses.  The *Agewell/Intra-National Homecare* litigation is in its infancy—answers are not due until January 19, 2021—and it may be months or years before that litigation resolves.  *See* Consol. Docket, ECF Nos. 13–14.  The indefinite and potentially lengthy duration of Defendants' requested stay in this case weighs against granting it.  *See e.g., Exclusive Supplements, Inc.*, 2013 U.S. Dist. LEXIS 5517 at *4.

### B.  Low Risk of Harm to Defendants without Stay Weighs Against Stay

The second factor—potential hardship to Defendants absent a stay—also weighs against granting a stay.  Here, there is no risk of inequity or hardship to Defendants in moving forward without the stay because they could have made the same argument that is being raised by the plaintiffs in *Agewell Home Helpers* and *Intra-National Homecare*—that the companionship exemption applies to their direct care workers—but Defendants have not made this argument.

The companionship exemption is an affirmative defense to allegations of FLSA liability. *Madison v. Res. for Human Dev., Inc.*, 233 F.3d 175, 181 (3d Cir. 2000).  Defendants' fourth affirmative defense claimed that Plaintiff's claims are barred in whole or in part to the extent that their employees are exempt from FLSA coverage.  Answer, ECF No. 7, at 4.  Defendants showed their intention to argue that exemptions to the FLSA applied to their businesses from their initial

pleading—the fact that they waited until after the close of discovery and summary judgment briefing to consider the applicability of a particular exemption does not give the Defendants license to stall this case so that they can later benefit from lawyers in a separate case raising such arguments.

This case was filed in May of 2019, discovery has closed, and the parties' cross-motions for summary judgment are now fully briefed.  *See* ECF Nos. 40, 44.  Defendants raised the issue of whether the companionship exemption specifically applies for the first time in their November 17, 2020 Motion to Stay.  ECF No. 74.  Without a stay, Defendants' case will continue as they chose to present it to the Court;  that is not a hardship, and if it is, it is the hardship of every litigant and does not weigh in favor of granting the "extraordinary measure" of a stay.

### C.  The Burden of a Stay on the Plaintiff Weighs Against Granting It

Third, a stay of this proceeding to permit the Defendants to rely on the outcome of *Agewell/Intra-National Homecare* litigation would permit Defendants to benefit from the fruits of an argument they did not expend the resources to present, though they could have.  Such tactical advantage prejudices the Department of Labor by giving Defendants a second bite at an apple while outsourcing the cost of furthering that argument to counsel for the plaintiffs in *Agewell/Intra-National Homecare*.

Additionally, further delay in resolving this case will prejudice the Plaintiff.  The case has been ongoing since May of 2019, and the Department of Labor represents the interests of Defendants' employees, who Defendants allegedly have been underpaying for their work since November 2015.  *See* Compl., ECF No. 1, at 5.  A stay would significantly delay these employees from recovering wages they earned years ago, if the Plaintiff prevails in this case.

For these reasons, Defendants have not met their burden to show a "clear case of hardship or inequity" given that there is a "fair possibility" the stay will harm Plaintiff. *Colo. River Water Conservation Dist.*, 424 U.S. 800, 813; *Gold*, 723 F.2d at 1075–76.

### D.  Judicial Economy Weighs Against Granting the Stay

Finally, because this case is already at the summary judgment stage and the *Agewell/Intra-National Homecare* litigation is only in its infancy, a stay would not streamline the Court's docket or simplify the issues.  Permitting a stay in these circumstances would allow litigants to double-back for abandoned arguments based on later-filed cases, adding issues to the case and prolonging its resolution.  Judicial economy would be reduced rather than enhanced by the granting of a stay.

## IV.  Conclusion

Defendants' requested stay is of indefinite duration and it will not further judicial economy. Defendants will not suffer inequity or hardship without the stay, let alone a "clear showing of hardship or inequity" sufficient to overcome the "fair possibility" that the stay will prejudice the Department of Labor and the employees it represents.

For all of the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Stay (ECF No. 74) is denied.

DATED this 16th day of December, 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record