IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AL STEWART, | ) |
| Plaintiff, | ) 2:19-CV-00546-CCW |
| v. | ) |
| ELDER RESOURCE MANAGEMENT, INC., STAFF SOURCE, INC., ANNA ZAYDENBERG, MARSHA SIMONDS, | ) |
| Defendants. | ) |

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Before the Court is Defendants' Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b). ECF No. 94. After reviewing the record and the parties' briefing, the Defendants' Motion is HEREBY DENIED.

**I. Background**

This Fair Labor Standards Act case was filed in May of 2019, the parties completed a lengthy fact discovery period in July 2020, and the parties' cross-motions for summary judgment have been fully briefed since November 16, 2020. *See* ECF Nos. 1, 40, 44, 71, 72. On November 17, 2020, Defendants moved to stay this case pending the outcome of a separate case that was filed in this District on November 13, 2020 and that is pending before another Judge of this Court. ECF No. 74. The *Agewell Home Helpers, Inc. v. United States Dep't of Labor* case, 2:20-cv-01773, is a declaratory action challenging the application of the Companionship Exemption under the Fair Labor Standards Act.[1] *See* Defs.' Mot. for Stay, ECF Nos. 74, 75.

---

[1] On December 11, 2020, Judge Hardy consolidated the case with *Intra-National Home Care, LLC v. United States Dep't of* Labor, 2:20-cv-1545 which was filed in the United States District Court for the Western District of

On December 16, 2020, following full briefing by the parties, the Court exercised its discretion to deny Defendant's motion to stay this case. ECF No. 93. More than six weeks later, Defendants moved the Court to certify the December 16, 2020 Order for interlocutory appeal. ECF No. 94.

## II. Legal Standard

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) only if the order (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *see also*, *Katz v. Carte Blanche Corp.*, 496 F.2d 474, 755 (3d Cir. 1974). The party seeking an interlocutory appeal must petition the circuit court within ten (10) days of the district court's order certifying the case for appeal; however, "a district court may amend and certify an order for interlocutory appeal at any time." *Kostik v. ARS Nat'l Servs.*, Civil Action No. 3:14-cv-2466, 2006 U.S. Dist. LEXIS 620, at *3 n.1 (M.D. Pa. Jan. 5, 2006).

In deciding whether to certify an order for interlocutory appeal, the court must remain "mindful of the strong policy against piecemeal appeals and that certification is appropriate only in exceptional circumstances." *Clarity Software, LLC v. Allianz Life Ins. Co. of N. Am.*, No. 04-1441, 2007 U.S. Dist. LEXIS 40861, at *2 (W.D. Pa. June 5, 2007).

## III. Discussion

Defendants' request for interlocutory appeal does not present a question of controlling law, much less one about which there is substantial ground for difference of opinion. Defendants ask

---

Pennsylvania on October 9, 2020. *See* 2:20-cv-1773, at ECF No. 11. The consolidated case is now proceeding under lead case number 20-1545.

the Court to certify for interlocutory appeal the December 16, 2020 Order denying their request for a stay because, they believe, there is a difference of opinion as to whether an affirmative defense, the Companionship Exemption of the FLSA, is available to them in this case.  *See* ECF No. 95, at 4–6.  Defendants sought to stay the case indefinitely, until the recently-filed declaratory actions that may clarify certain legalities of the Companionship Exemption are decided.  *See* ECF Nos. 74, 94, 95, at 5–6.  However, the December 16, 2020 Order merely denies the Defendants' request for a stay—it did not rule on the merits of Defendant's arguments that the Companionship Exemption should apply to them, or that they should be permitted to argue that it does.  There is no question that a district court has inherent power to grant or deny a stay:  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket."  *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  A district court's decision to grant or deny a stay is subject to abuse-of-discretion review.  *Walsh v. George*, 650 Fed.Appx. 130, 312 (3d Cir. 2016).  Therefore, this Court's Order does not present a controlling question of law, much less one about which there is substantial ground for disagreement, and the first two requirements for a certification of an interlocutory appeal have not been met.

Even if an interlocutory appeal were appropriate and accepted by the Circuit, and even if the Circuit found that this Court's denial of a stay was error, a successful interlocutory appeal would significantly delay this litigation.  The parties in this case would be awaiting the resolution of a separate, recently-filed case involving other parties, that Defendants assert may be relevant to whether a particular affirmative defense available to them in this litigation.  That is all highly speculative, and an interlocutory appeal would likely result in an indefinite, potentially multi-year delay of this case.

In the absence of an interlocutory appeal, this case, which has been pending for almost two years, is now ripe for resolution of the parties' competing summary judgment motions. Thus, the third requirement for certification of an interlocutory appeal has not been met.

### IV. Conclusion

For the foregoing reasons, it is HEREBY ORDERED that Defendants' Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b), ECF No. 94, is DENIED.

DATED this 19th day of February, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record