IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of the United States Department of Labor,<br><br>        Plaintiff,<br><br>  v.<br><br>ELDER RESOURCE MANAGEMENT, INC.;  STAFF SOURCE, INC.; ANNA ZAYDENBERG;  and MARSHA SIMONDS,<br><br>        Defendants. | 2:19-CV-00546-CCW |

### MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for Reconsideration, ECF No. 108, of the Court's Order on Cross Motions for Summary Judgment, ECF No. 105.  For the reasons that follow, Plaintiff's Motion will be denied.

### I.  Background

Plaintiff R. Alexander Acosta, then-Secretary of Labor, filed this action against Defendants, alleging that Defendants' employment practices violated the Fair Labor Standards Act.  *See generally* ECF No. 1.  After discovery, the parties filed cross motions for summary judgment.  ECF Nos. 40 and 44.  Each of the parties' motions requested summary judgment on a variety of issues.  The parties fully briefed the cross motions and, after careful consideration, the Court granted Plaintiff's Motion in part and denied it in part, and denied Defendants' Motion in full.  *See* ECF No. 105.  Relevant to the instant Motion for Reconsideration, the Court denied Plaintiff's Motion to the extent it sought summary judgment that Defendant Staff Source was subject to the FLSA.  ECF No.  105 at ¶ 2.  The Court denied summary judgment on that issue

because, based on the record evidence before the Court, there is a material question of fact whether Defendant Staff Source generated the threshold $500,000 in annual revenue required to be an "enterprise" subject to the FLSA under 29 U.S.C. § 203(s). *See* ECF No. 104 at 6–7.

Plaintiff filed a Motion for Reconsideration which argues that the Court's Order, ECF No. 105, denying summary judgment that Staff Source is subject to the FLSA demonstrates a clear error of law. ECF No. 109 at 2. Plaintiff argues that the Court erred because regardless of whether Staff Source is an "enterprise" under §§ 203(s), there is no dispute that Defendants' employees, as "domestic service" workers, are entitled to overtime protections under § 207 of the FLSA given that Congress found that "the employment of persons in service in households affects commerce" as provided in § 205(a)(5). ECF No. 109 at 3–6.

Defendants' Response to Plaintiff's Motion for Reconsideration, ECF No. 113, does not address the merits of Plaintiff's argument or the merits of the Court's summary judgment decision, but rather indicates that Defendants prefer to focus their litigation resources on the remainder of the proceedings as opposed to on opposing Plaintiff's Motion. ECF No. 113 at 2.

## II. Legal Standard

On a motion for reconsideration, the party seeking to have a judgment altered or amended must demonstrate either: (1) a change in controlling law; (2) the availability of new evidence not previously before the court; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Allaham v. Naddaf,* 635 Fed. Appx. 32, 35–36 (3d Cir. 2015) (quoting *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff's Motion for Reconsideration implicates only the third basis for an appropriate motion to reconsider—*i.e.*, Plaintiff asserts a need to correct a clear error of law. ECF No. 109 at 2.

### III.  Application

Plaintiff is incorrect that the Court's Order demonstrates a clear error of law. Plaintiff's Brief in Support of its Motion for Summary Judgment opened its Argument Section with a first subsection titled "Defendants are Subject to the Jurisdiction of the FLSA." ECF No. 41 at 8. That subsection contained a single paragraph, as follows:

> Defendants are an enterprise covered under FLSA section 3(s)(1)(A) because their employees are engaged in domestic service and the annual dollar value of corporate defendants ERM and Staff Source each individually exceeds $500,000. SOF ¶¶ 1–5. Defendants concede that ERM employed all of the employees named on Schedule A of Plaintiff's Complaint during the relevant time period. SOF ¶ 2. Accordingly, the undisputed material facts prove that this Court has jurisdiction and that Defendants are subject to the FLSA.

ECF No. 41. The Court agreed with that assessment with respect to Defendant Elder Resource Management, but disagreed with respect to Defendant Staff Source. ECF No. 104 at 6–7. The Court explained that the record indicated a dispute as to whether Staff Source generated the requisite $500,000 in annual revenue required to be considered an "enterprise" under § 203(s)(1)(A). The Court noted that while the General Ledger Plaintiff attached as Exhibit 3 to its Statement of Facts clearly indicates that Staff Source received payments in excess of $500,000 during at least one of the years in issue, the General Ledger did not indicate what those payments represented, including whether they could be considered "sales" to be counted toward the $500,000 threshold established by § 203(s)(1)(A). ECF No. 104 at 7. Given that Defendants dispute that Staff Source generated at least $500,000 in sales, and that Plaintiff failed to establish beyond reasonable dispute that Staff Source had more than $500,000 in sales, the Court declined to enter summary judgment in Defendants' favor on this issue. To clarify, the Court declined to enter summary judgment on the limited issue of whether Defendant Staff Source was subject to the FLSA as an "enterprise" under § 203(s).

Plaintiff's Motion for Reconsideration asks the Court to reconsider its ruling and grant summary judgment on an altogether different question: irrespective of whether Staff Source qualifies as an "enterprise" under § 203(s)(1)(A), are Defendants' employees entitled to FLSA protections because they are domestic service workers who are individually covered under § 202(a)(5)? ECF No. 109 at 5–6. Plaintiff did not brief that issue in the first instance in its Brief in Support of Motion for Summary Judgment. The Third Circuit is clear: Motions for reconsideration cannot be used to raise a new argument that could have been raised before the court's ruling. *See Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 191 (3d Cir. 2021) ("motions for reconsideration are not a vehicle to argue facts of issues that were not raised.") (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)); *Mid-American Salt, LLC v. Morris Cty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020). Here, the question Defendants ask the Court to "reconsider" was not properly presented to the Court in the parties' summary judgment briefing. Rather, the Court appropriately declined to enter summary judgment on the issue that was before the Court—whether Staff Source is an "enterprise" under § 203(s)(1)(A). Given the dispute regarding whether Staff Source had over $500,000 in "sales" as required by that section, summary judgment is not appropriate on that limited issue.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 108, is DENIED.

DATED this 9th day of August, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record