IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIN J. WALSH,                        )
                                        )
                    Plaintiff,          )       2:19-CV-00546-CCW
                                        )
        v.                              )
                                        )
ELDER RESOURCE MANAGEMENT,              )
INC.; STAFF SOURCE, INC.; ANNA          )
ZAYDENBERG; MARSHA SIMONDS,             )
                                        )
                                        )
                    Defendants.

### MEMORANDUM ORDER ON PRETRIAL MOTIONS IN LIMINE & MOTION TO COMPEL

Pending before the Court are four motions in limine and one motion to compel filed by the parties.[1]  For the reasons set forth below, the Court resolves these motions as follows:

- Plaintiff's Motion in Limine Regarding Ed Chow and Defendants' Proposed Exhibits D-9 And D-10, ECF No. 139, is GRANTED in part and DENIED in part;

- Plaintiff's Amended Motion in Limine Regarding Defendants' Exhibits D-3, D-7 and D-23, ECF No. 151 is GRANTED;

- Plaintiff's Motion in Limine Regarding Defendants' Proposed Exhibit D-5, ECF No. 141, is DENIED;

- Defendants' Motion in Limine to Preclude Written and Verbal Employee Investigation Statements from Trial, ECF No. 142, is DENIED in part and DEFERRED in part subject to further information from the parties;  and

---

[1] References to the parties' respective arguments throughout refer to their briefs supporting or opposing each motion.

- Defendants' Motion to Compel Identification of Plaintiff's Trial Witnesses and Unredacted Employee Statements, ECF No. 137, is GRANTED in part and DENIED in part.

## I.   BACKGROUND

On May 10, 2019, Plaintiff, then-Secretary of the United States Department of Labor R. Alexander Acosta, filed this action alleging that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").  As further detailed in this Court's Opinion on the parties' cross motions for summary judgment, ECF No. 104, this case involves allegations by the Secretary of the United States Department of Labor (the "DOL" or the "Secretary) against Defendant Anna Zaydenberg, owner of Defendant Elder Resource Management, and her daughter, Defendant Marsha Simonds, owner of Defendant Staff Source.  Defendants conducted business in the home health care industry.  ECF No. 104 at 2.

DOL alleges that the Defendants devised and executed a scheme in which Defendant Staff Source, through Defendant Simonds, issued paychecks to the employees of Defendant Elder Resource Management, to disguise the number of hours they worked for Elder Resource Management and avoid paying them the overtime premiums required by the FLSA.  *Id.*

After discovery, the parties filed cross-motions for summary judgment on a number of issues.  *See* ECF Nos. 40 & 44.  The Court denied Defendants' Motion in full and granted Plaintiff's Motion in part and denied it in part. *See* ECF No. 105.  The Court found that Elder Resource Management is subject to the FLSA and that the individual Defendants Ms. Zaydenberg and Ms. Simonds are "employers" under the FLSA.  However, the Court found that genuine questions of material fact exist as to whether 1) Defendant Staff Source is subject to the FLSA;

(2) Defendants Elder Resource Management and Staff Source are joint employers under the FLSA; (3) Defendants violated § 7 of the FLSA by failing to properly pay overtime premiums; (4) Defendants willfully violated the FLSA; (5) Defendants owe $1,242,146.61 in back wages; (6) Plaintiff is entitled to liquidated damages; (7) Defendants violated the recordkeeping provisions of the FLSA; and (8) Plaintiff is entitled to injunctive relief. *See* ECF No. 104 at 7, 11–12; *see also*, ECF No. 105.

The parties have stipulated that the "relevant time period" for the alleged violations is November 12, 2015, through the workweek ending June 24, 2017. ECF No. 136 ¶ 4.

## II.    Legal Standard

"[A] motion in limine is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." *Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 246 (W.D. Pa. 2012) (Gibson, J.). A trial court has discretion arising from its "inherent authority to manage the course of trials" to rule on such motions. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). That said, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds" to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, 2019 U.S. Dist. LEXIS 131234, at *7 (W.D. Pa. Aug. 6, 2019) (Gibson, J.) (internal citation omitted).

III.   **Analysis**

A.   **Plaintiff's Motion in Limine Regarding Ed Chow and Defendants' Proposed Exhibits D-9 and D-10, ECF No. 139, Will Be Granted In Part and Denied In Part**

1.   **The Parties' Arguments**

Plaintiff seeks to exclude testimony from retired DOL Wage and Hour Investigator Ed Chow, and two related exhibits, on the ground that (1) Mr. Chow and the exhibits were not previously disclosed by Defendants;  (2) the exhibits are hearsay;  and (3) the proffered testimony and evidence are irrelevant.  *See* ECF Nos. 139 & 140.  Defendants contend that the failure to identify Mr. Chow in Defendants' Rule 26 initial disclosures does not warrant exclusion, because Mr. Chow was DOL's own employee, and the exhibits are emails sent by Mr. Chow in his capacity as a DOL investigator.  Defendants further contend that the exhibits are not hearsay and are relevant to the Defendants' good faith defense.  ECF No. 154.

2.   **Defendants' Proposed Exhibits D-9 and D-10 Are Not Relevant to Good Faith**

Evidence is relevant if it "has 'any tendency to make a fact more or less probable than it would be without the evidence,' where 'the fact is of consequence in determining the action.'" *Forrest v. Parry*, 930 F.3d 93, 114 (3d Cir. 2019) (citing Fed. R. Evid. 401).

The Court finds that Defendant's proposed Exhibits D-9 and D-10 are not relevant to Defendants' good faith defense against liquidated damages.  Under the FLSA, a district court may withhold or reduce the amount of liquidated damages "if the employer shows … that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."  29 U.S.C. § 260.  The Third Circuit has explained that the good faith defense has an objective and a subjective component:

> the good faith requirement is a subjective one that requires that the employer have an honest intention to ascertain and follow the dictates of the Act. … The reasonableness requirement imposes an objective standard by which to judge the employer's conduct … Ignorance alone will not exonerate the employer under the objective reasonableness test.

*Brooks v. Vill. of Ridgefield Park*, 185 F.3d 130, 137 (3d Cir. 1999) (internal quotations omitted).

"To prove good faith, an employer must show that it took affirmative steps to ascertain the FLSA's requirements but violated the provisions anyway." *Walsh v. Fusion Japanese Steakhouse, Inc.*, 2021 U.S. Dist. LEXIS 128912, 2021 WL 2917795, at *12 (W.D. Pa. July 12, 2021) (Wiegand, J.) (citing 48B Am. Jur. 2d Labor and Labor Relations §3393);   *see also Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 125 (3d Cir. 2017) ("an employer's failure to take 'affirmative steps to ascertain the legality of its pay practices' mandates an award of liquidated damages.").

Defendants' Proposed Exhibit D-9 is an email from Mr. Chow dated November 4, 2009 to Ms. Zaydenberg stating that the Wage and Hour Division of the United States Department of Labor would be conducting a compliance visit of Elder Resource Management.[2]  ECF No. 140-1. Proposed Exhibit D-10 consists of two emails dated January 22, 2014:  (1) an email from Ms. Anna Zaydenberg to Mr. Chow regarding IRS issues and (2) a response from Mr. Chow indicating that he had spoken to his IRS contacts regarding the questions.  ECF No. 140-2.  Although these emails pre-date the relevant time period in this case, Defendants claim that the emails are relevant to their good faith defense because Defendants have been routinely audited by federal and state

---

[2] Mr. Chow's email is addressed to AlleghenyPA@comforcare.com.  Defendant Elder Resource Management, a homecare agency owned and managed by Defendant Zaydenberg, is a Pittsburgh-based franchise of ComForCare, a national chain of homecare providers.  ECF No. 132 at 1.

agencies and have asked questions regarding compliance issues involving the FLSA and other employment laws.  *See* ECF No. 154 at 5.

Specifically, Exhibit D-10 consists of an email from Ms. Zaydenberg to Mr. Chow regarding the tax consequences for the failure to offer health-insurance coverage under the Affordable Care Act and a response from Mr. Chow indicating that he had spoken to his Internal Revenue Service contacts regarding the issue.  *See* ECF No. 140-2.  The content of this email exchange is far removed from the inquiry of whether Defendants took affirmative steps to ascertain the FLSA's requirements but violated the FLSA's provisions anyway.  Accordingly, the Court concludes that Exhibit D-10 is not relevant to Defendants' good faith defense.

Similarly, Exhibit D-9 is an email from Mr. Chow dated November 4, 2009 stating that the Wage and Hour Division of the DOL would be conducting a compliance visit.  Again, the fact that the DOL planned to conduct a compliance visit in 2009—many years before the relevant time period—is far removed from the question of whether Defendants took affirmative steps to ascertain the FLSA's requirements but violated those provisions anyway.  Thus, Exhibit D-10 is also irrelevant to Defendants' good faith defense.

Accordingly, the Court will grant Plaintiff's motion to exclude proposed Exhibits D-9 and D-10.

### 3. The Parties' Can Cure the Prejudice, If Any, of Defendants' Failure to Disclose Mr. Chow

Plaintiff also contends that Mr. Chow should not be permitted to testify at trial because Defendants did not disclose him as a witness.  ECF No. 140 at 2–3.  Defendants acknowledge that they did not disclose Mr. Chow in their Rule 26(a)(1) initial disclosures, but contend that he should still be permitted to testify at trial, because he was the lead investigator for DOL's 2009/2010 audit

of Defendant Elder Resource Management, and because DOL counsel specifically asked questions during Defendant Zaydenberg's deposition about Mr. Chow's investigation and Defendant Zaydenberg's interactions with him following the audit.  *See* ECF No. 154 at 2; *see also* ECF No. 154-2 at 10 ("[A]fter the audit I [Anna Zaydenberg] called [Mr. Chow] pretty often with every question I had and after this I started to call as needed, but I didn't know I missed the date when he left the DOL.  I was under the impression that he was still with DOL.").  DOL contends that, because Defendants did not properly disclose Mr. Chow, it has had no opportunity to depose or otherwise obtain discovery from him.

The Court must consider four factors before excluding testimony of a witness who was not properly disclosed:  "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;  (2) the ability of the party to cure that prejudice;  (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court;  and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation."  *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000);  *see also ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (noting that the importance).

Here, assuming that Defendants did not properly disclose Mr. Chow, exclusion of his testimony would not be warranted at this time, for several reasons.  First, the prejudice or surprise to DOL is attenuated by the fact that Mr. Chow was a previous employee of the DOL, though his interactions with Defendants after the conclusion of the 2009/2010 investigation appear to be the cause of the surprise.  With respect to factors two and three, the parties can cure any prejudice without disrupting the orderly and efficient trial of this case or others, by deposing Mr. Chow in advance of the March 16, 2022 non-jury trial in this case.  With respect to the final factor, the

current record before the Court does not support a finding of bad faith or willfulness with respect to non-disclosure of Mr. Chow.

Accordingly, Plaintiff's Motion to Exclude Mr. Chow's testimony is denied, as follows: Mr. Chow may testify at trial only if he is made available to Plaintiff for deposition, to occur on or before February 23, 2022. If Defendants definitively agree to withdraw Mr. Chow as a trial witness and the parties file a stipulation memorializing that agreement on or before February 16, 2022, then Plaintiff shall not be permitted to take Mr. Chow's deposition.

### B. Plaintiff's Amended Motion in Limine Regarding Defendants' Proposed Exhibits D-3, D-7 and D-23, ECF No. 151 Will Be Granted

#### 1. The Parties' Arguments

Plaintiff seeks to exclude Defendants' proposed Exhibits D-3, D-7 and D-23 on the grounds that all three exhibits are irrelevant, and, in addition, that Exhibit D-7 was not previously disclosed to Plaintiff. *See* ECF No. 152. Defendants respond that these three exhibits are relevant to DOL's theory that Defendants are joint employers, because they purportedly demonstrate that Staff Source was not a sham business, and that it had an entirely separate business model from Elder Resource Management. *See* ECF No. 158 at 4–5. Defendants also contend that the documents are relevant to their good faith defense. *Id.* With respect to Exhibit D-7, Defendants acknowledge their non-disclosure but argue that exclusion of the exhibit at trial is not warranted. *Id.* at 1–4.

#### 2. Proposed Exhibits D-3, D-7 and D-23 Are Not Relevant to Joint Employer Theory or Good Faith Defense

The Court finds that Defendants' Proposed Exhibits D-3, D-7 and D-23 are not relevant either to Plaintiff's joint employer theory, or to Defendants' good faith defense.

Each of the proposed exhibits are dated after June 24, 2017, which is the end of the relevant time period: (1) proposed Exhibit D-7 is a PowerPoint presentation dated October 15, 2017

describing Tempeek, a product to assist health care businesses meet their staffing needs;[3] (2) proposed Exhibit D-3 is a retention letter and staffing agreement between Staff Source and Squirrel Hill Center for Rehabilitation & Healing with dates ranging between July and September 2017;[4] and (3) proposed Exhibit D-23 consists of invoices starting from September 2017 from Staff Source to Squirrel Hill Center for Rehabilitation & Healing.[5]

With respect to Defendants' argument for relevance based on Plaintiff's joint employer theory of liability, neither side has cited case law for the proposition that documents dated *after* the relevant time period of the alleged FLSA violations are relevant to whether violations occurred during the time period. *See* ECF Nos. 152 & 158. Under Third Circuit precedent, to evaluate whether employers are "joint employers," the court looks at "the total employment situation and the economic realities of the work relationship" to determine whether employers "exert significant control over the same employees." *In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.*, 683 F.3d 462, 468–69 (3d Cir. 2012). These exhibits purporting to show product development and lines of business after June 24, 2017 are not relevant to Defendants' liability as joint employers, which analysis focuses on the Defendants' control over the employees at issue.

Defendants' argument that Exhibits D-3, D-7 and D-23 are relevant to their good faith defense is also unavailing. As discussed above, good faith requires a showing of affirmative steps to ascertain the FLSA's requirements. Here, future product development and a separate line of

---

[3] *See* ECF No. 152 at 2;  ECF No. 152-1.
[4] The Court notes that proposed Exhibits D-3 and D-23 appear to have been compiled out of order in one document. *See* ECF No. 152-3. After reviewing the exhibits that Defendants submitted to the Court at the time the parties filed their joint exhibit list, the Court has determined Exhibit D-3 to be the documents contained in ECF No. 152-3 at 2–4, 18–19.
[5] The Court has determined Exhibit D-23 to be the documents contained in ECF No. 152-3 at 1, 5–17.

business are irrelevant to the question of whether Defendants took any affirmative steps to determine the FLSA's overtime requirements and abide by them.

Because the Court finds that the Defendants' proposed Exhibits D-3, D-7 and D-23 are not relevant, the Court need not address the purported non-disclosure of Exhibit D-7.  Plaintiff's Amended Motion in Limine Regarding Defendants' Exhibits D-3, D-7 and D-23, ECF No. 151, will be granted.

### C.   Plaintiff's Amended Motion in Limine Regarding Defendants' Proposed Exhibit D-5, ECF No. 141, is Denied

#### 1.   The Parties' Arguments

Plaintiff seeks to exclude Defendants' proposed Exhibit D-5,[6] which consists of documents that Defendants obtained from the Pennsylvania Department of Labor and Industry ("PA DLI"), on the grounds that proposed Exhibit D-5 (1) was not previously disclosed by Defendants;  (2)  is inadmissible hearsay; and (3) is not relevant.  ECF Nos. 141 & 143.  Defendants acknowledge their non-disclosure but argue that exclusion of the exhibit at trial is not warranted.  *See* ECF No. 155 at 2–4.  Defendants further content that proposed Exhibit D-5 is not hearsay and is relevant to Defendants' good faith defense against liquidated damages.  *Id.* at 4–5.

#### 2.   Exclusion of Proposed Exhibit D-5 Is Not Warranted Under Rule 37

Information that was not disclosed under Rule 26 may be excluded "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "The burden of proving substantial justification or harmlessness lies with the non-producing party."  *Frederick v. Hanna*, Civil Action No. 05-514, 2007 U.S. Dist. LEXIS 18626, at *13 (W.D. Pa. Mar. 16, 2007) (Ambrose, then-C.J.).  Defendants do not analyze whether the disclosure was substantially justified or harmless;  rather

---

[6] Proposed Exhibit D-5 contains a subpoena response concerning PA DLI's prior investigations of Elder Resource Management and two complaint forms dated March 28, 2013 and June 19, 2015.  ECF No. 143-1.

they apply the Third Circuit test for excluding evidence as a sanction.  ECF No. 155 at 2–3.  As such, because Defendants' argument effectively concedes their failure to disclose was *not* substantially justified or harmless, the Court will proceed directly with that test.

In determining whether to exclude non-disclosed evidence, district courts must consider four factors:  "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;  (2) the ability of the party to cure that prejudice;  (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court;  and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation."  *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000); *see e.g.*, *Gucker v. United States Steel Corp.*, 2016 U.S. Dist. LEXIS 11519, at *13–16 (W.D. Pa. Jan. 31, 2016).  In addition, the Court should also consider the party's explanation for failing to disclose as well as the importance of the excluded evidence, the latter of which is often the most significant factor.  *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012); *Orion Drilling Co., LLC v. EQT Prod. Co.*, Civil Action No. 16-1516, 2018 U.S. Dist. LEXIS 208873, at *22 (W.D. Pa. Dec. 11, 2018).

Here, the DOL contends that it had no opportunity to seek additional information about proposed Exhibit D-5 or the PA DLI investigation during discovery.  ECF No. 143 at 1–2.  However, counsel for DOL, in depositions with Defendant Zaydenberg and Defendant Simonds, discussed the PA DLI investigation and indicated that the DOL was trying to obtain documents from the PA DLI.  ECF No. 155-3 at 8–9 ("we are going to try [to get those records]");  *see also* ECF No. 155-2 at 6–7 (Ms. Zaydenberg noting that DOL should communicate with PA DLI on basis for their finding).  Thus, the Court does not find that the admission of the Exhibit D-5 would be surprising or prejudicial to the DOL.  Further, with respect to the ability to cure, the DOL will

be able to cross-examine the Defendants on this document and there is no indication that the introduction of proposed Exhibit D-5 would disrupt the orderly and efficient proceedings of this non-jury trial, as Defendants assert that they will talk about their history with the PA DLI regardless of whether proposed Exhibit D-5 is admitted. *See* ECF No. 155 at 4. Finally, the current record before the Court does not support a finding of bad faith or willfulness with respect to non-disclosure of proposed Exhibit D-5.

### 3. Exclusion of Exhibit D-5 On the Grounds of Hearsay or Irrelevance Is Not Warranted

Proposed Exhibit D-5 contains two Minimum Wage or Overtime Complaint Forms filed with the PA DLI against Elder Resource Management—one claim filed on March 28, 2013 and the other claim filed on June 19, 2015—and short notes for each claim. *See* ECF No. 143-1. Plaintiff seeks to exclude proposed Exhibit D-5 as hearsay on the grounds that it is being offered for the truth of the matter asserted—in this case, to show that Defendants were complying with Pennsylvania law—and as irrelevant because compliance with Pennsylvania law is irrelevant to compliance with the FLSA. ECF 143 at 2–4. Defendants, however, contend that proposed Exhibit D-5 is being used to show that Defendants believed "based upon the PA DLI's investigations that their practices complied with the PMWA," and thus they could reasonably believe "that their practices complied with the FLSA after the 2015 amendments." ECF No. 155 at 4–5.

To the extent Exhibit D-5 is being used to show Defendants' beliefs as a result of the investigation, the Court finds that it is not hearsay. The Court further finds that proposed Exhibit D-5 may be relevant to Defendants' good faith analysis as a pattern of historical experiences on similar issues and will determine the appropriate weight, if any, to give Exhibit D-5 at the non-jury trial. *Blan v. Classic Limousine Transp.*, *LLC*, Civil Action No. 19-807, 2021 U.S. Dist.

LEXIS 59239, at 24–25 (W.D. Pa. Mar. 29, 2021) (Horan, J.) (finding that several historical experiences with state investigations support Defendant's good faith and reasonableness in classifying taxi drivers as independent contractors).

For the foregoing reasons, Plaintiff's Amended Motion in Limine Regarding Defendants' Proposed Exhibit D-5, ECF No. 141, will be denied.

### D. Defendants' Motion in Limine to Preclude Written and Verbal Employee Investigation Statements from Trial, ECF No. 142, Will Be Denied in Part and Deferred in Part

#### 1. The Parties' Arguments

Defendants seek to preclude, on the grounds of hearsay, the introduction of employee statements written by DOL Investigator Crystal Wisniewski[7] during her investigation of Defendants. ECF No. 150. Ms. Wisniewski interviewed employees by phone and wrote their statements, which Plaintiff contends were contemporaneous and verbatim (the "Written Employee Statements"). *Id.* at 1; ECF No. 157 at 4. Defendants further seek to exclude, as hearsay, Ms. Wisniewski's testimony at trial regarding what current or former employees of Defendants told her during the investigation (the "Verbal Employee Statements"). *See* ECF Nos. 142 & 150. Plaintiff contends that the Written and Verbal Employee Statements by Defendants' employees are not hearsay because they are "on a matter within the scope of that [employment] relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). Defendants respond that, for the statements to constitute non-hearsay under Rule 801(d)(2)(D), the declarant must have been authorized to act on behalf of the employer, as if the employer had made the statements itself. *See* ECF No. 161.

---

[7] Ms. Wisniewski is identified on documents, and in her deposition, by her former name: Crystal Bibri. *See* ECF No. 151 at 1 n. 1

Plaintiff further argues that the Written Employee Statements are also admissible under exceptions to the hearsay rule for records of a regularly conducted activity, Fed. R. Evid. 803(6) or as records or statements of a public office, *see* Fed. R. Evid. 803(8).  *See* ECF No. 157. Defendants do not specifically address Plaintiff's argument for admissibility under the business records of a regularly conducted activity, Fed. R. Evid. 803(6).  *Id.*

### 2.  Ms. Wisniewski's Testimony Regarding the Verbal Employee Statements and the Written Employee Statements Should Not Be Excluded

The parties dispute whether an employee must be authorized to speak on behalf of the employer for a statement to be considered not hearsay under Federal Rule of Evidence 801(d)(2)(D).  Under Rule 801(d)(2)(D), a statement offered against an opposing party is not hearsay if it was "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  Fed. R. Evid. 801(d)(2)(D).

Here, all but one of the Written Employee Statements indicate that the employee was currently employed by Defendant Elder Resource Management (indicated as "Comforcare" on the Written Employee Statements) at the time of their statement to the DOL Wage & Hour Investigator, *see, e.g.,* ECF 150-1 (indicating "present" as date of employment for current employees).  In the context of FLSA cases, courts have focused on whether the statement itself concerns "a matter within the scope" of the declarant's employment, rather than whether the act of making such statement is within the declarant's duties.  *United States DOL v. Unitil Serv. Corp.*,

2021 DNH 177, at *18 (D.N.H. Nov. 17, 2021).  As the District of New Hampshire recently explained in the context of FLSA investigator statements similar to those at issue here:

> Whether making statements to a DOL investigator is "within the scope" of the person's employment with [Defendant] does not matter because the question under Rule 801(d)(2)(D) is only whether the statements themselves concerned matters within the scope of employment.

*Id.*; *see also* Fed. R. Evid. 801(d)(2)(D) Advisory Committee Notes ("A substantial trend favors admitting statements related to a matter within the scope of the agency or employment.").

Plaintiff seeks to admit the Verbal and Written Employee Statements related to each employee's:  (1) identity;  (2) job title and responsibilities;  (3) hours worked;  (4) rates and methods of pay;  (5) direct supervision;  and (6) timekeeping.  Previous cases involving similar FLSA investigations have admitted such information as falling within matters that concern the declarant's scope of employment and therefore not hearsay.  *Scalia v. Ghosn*, 451 F. Supp. 3d 1215, 1221 (W.D. Okla. 2020) (finding that matters like statements made by "Defendants' own employees on matters like wages and breaks" "are within the scope of the employee-employer relationship while it existed.");  *Solis v. China Star of Wichita, Inc.*, No. 08-1005-KMH, 2012 U.S. Dist. LEXIS 42335, at *6 (D. Kan. Mar. 28, 2012) (finding that kitchen employee statements "concerning the hours worked and rates of pay are not hearsay," because they were "made while the individuals were employed by defendants and address matters within the scope of that relationship.");  *cf. Am. Recycling & Mfg. Co. v. Sec'y of Labor*, 676 F. App'x 65, 70 n.2 (2d Cir. 2017) ("Statements [by employees] made to the [OSHA] compliance officer are admissible non-hearsay.");  *Gaylon v. Chartis Glob. Investigations, Inc.*, CV H-10-0434, 2010 WL 11646662, *6 (S.D. Tex. Sept. 28, 2010) (finding that declaration recounting statements from defendant's employees regarding overtime hours were not hearsay).

Thus, Ms. Wisniewski's testimony regarding Verbal Employee Statements and Written Employee Statements on matters within the employee's scope of employment, specifically the employee's (1) identity;  (2) job title and responsibilities;  (3) hours worked;  (4) rates and methods of pay;  (5) direct supervision;  and (6) timekeeping, is not hearsay and is therefore admissible under Rule 801(d)(2)(D).[8]  Accordingly, Defendants' Motion in Limine to Preclude Written and Verbal Employee Investigation Statements from Trial, ECF No. 142, will be denied in part, such that Ms. Wisniewski may testify about Verbal Employee Statements and the Written Employee Statements, however this ruling will be deferred in part with respect to the scope of Ms. Wisniewski's testimony until the Court receives further information from the parties regarding translation/interpretation issues associated with the Written and Verbal Employee Statements, as further discussed in Section III.D.4.

### 3. Written Employee Statements Are Admissible as Records of a Regularly Conducted Activity Subject to Appropriate Foundational Testimony at Trial

In their Reply brief, Defendants object to the admission of the Written Employee Statements—which memorialized each employee's statements to Ms. Wisniewski—as double hearsay.  *See* ECF No. 161 at 3.  However, Defendants do not address Plaintiff's contention that the Written Employee Statements are records of a regularly conducted activity and therefore constitute an exception to hearsay under Fed. R. Evid. 803(6).  *See* ECF No. 161.  Instead, Defendants assert that the Written Employee Statements are not admissible, under Rule 803 in general, for the reasons discussed in Defendants' initial memorandum, which, in turn, only addressed Fed. R. Evid. 803(8) (Public Records).  *See* ECF No. 150 at 3 (citing *Beech Aircraft*

---

[8] To the extent that Plaintiff seeks to introduce the Written Employee Statement contained at ECF No. 150-1 at 4-5, in which the employment dates are redacted, Plaintiff must establish that the employee giving such Written Employee Statement was employed by Defendants at the time the statement was made.

*Corp. v. Rainey*, 488 U.S. 153, 167 n.11 (1988) which noted a nonexclusive list of four factor for trustworthiness under Rule 803(8)).

DOL contends that Rule 803(6) provides a separate basis for admissibility and that Ms. Wisniewski will lay the necessary foundation to admit these statements under that provision.  ECF No. 157 at 3–4.

To the extent such memorialization or any portion thereof raises a double hearsay issue, the Court finds that the Written Employee Statements would be admissible under Federal Rule of Evidence 803(6), so long as Plaintiff presents appropriate testimony of the custodian or another qualified witness at trial, such as Ms. Wisniewski, to lay the foundation for the Written Employee Statements' admission.  In addition, this ruling on Written Employee Statements will be deferred in part with respect to its scope until the Court receives further information from the parties regarding translation/interpretation issues associated with the Written and Verbal Employee Statements, as further discussed in Section III.D.4.

### 4. Neither Party Provides Sufficient Information to Exclude the Translator's Statements as Hearsay

Finally, Defendants contend that the fact that Investigator Wisniewski interviewed some witnesses with the assistance of an interpreter creates yet another level of hearsay.  *See* ECF No. 150 at 4.  Defendants assert that Ms. Wisniewski used an interpreter to interview multiple witnesses, but that the Written Employee Statements do not identify which of the Written Employee Statements were prepared with the assistance of an interpreter, who the interpreter was, or what their qualifications are.  *Id.*  Plaintiff did not address this argument.  *See* ECF No. 157.

Although the Third Circuit Court of Appeals has yet to address the issue of the admissibility of translated or interpreted statements, the Middle District of Pennsylvania has adopted the view

17

from other circuits that an interpreter or translator acts as either an agent of the party or an individual otherwise authorized to speak on the party's behalf, which then renders the interpretation or translation attributable as a party's own admission under Rule 801(d)(2). *See Cmty. Ass'n Underwriters of Am. v. Queensboro Flooring Corp.*, No. 3:10-CV-01559, 2016 U.S. Dist. LEXIS 57233 (M.D. Pa. Apr. 29, 2016). Such "language conduit" theory generally "presume[s] the admissibility of translated statements that are otherwise admissible, provided that there is no showing of unreliability or a motive to mislead." *Id.* at *19–20 (describing four-factor test to check for likely bias or unreliability on a case-by-case basis). Because this is a case-by-case analysis, and Defendants have only raised this issue in a cursory way, the Court does not have sufficient information to determine which Verbal Employee Statements or Written Employee Statements required interpretation/translation, and whether such interpretation/translation satisfies this test.

Accordingly, the parties will be ordered to meet and confer to discuss any hearsay objections to the Verbal Employee Statements or Written Employee Statements on the grounds of translation or interpretation, and to file a joint status report indicating: (1) which of the Verbal Employee Statements or Written Employee Statements were subject to translation or interpretation; (2) which, if any, of the Verbal Employee Statements or Written Employee Statements that were subject to translation or interpretation Plaintiff may offer at trial; and (3) which, if any, of the Verbal Employee Statements or Written Employee Statements Defendants maintain a hearsay objection to on the grounds of translation or interpretation. To the extent, after conferral, Defendants maintain a hearsay objection on the grounds of translation or interpretation with respect to one or more of the Verbal Employee Statements or Written Employee Statements that Plaintiff may offer at trial, Plaintiff shall be required to file a supplemental memorandum on

18

why such objected-to Written Employee Statements are admissible;  and Defendants shall submit a response.

Following submission of the parties' Joint Report and any related supplemental memoranda, the Court will refine its ruling on admissibility of Verbal Employee Statements or Written Employee Statements that are implicated by interpretation or translation issues.

### E. Defendants' Motion to Compel Identification of Plaintiff's Trial Witnesses and Government Informant Documents, ECF No. 137, Will Be Granted in Part and Denied in Part

#### 1. The Parties' Arguments

In its pretrial narrative, DOL indicated it expects to call some of the employees listed in Schedule A of the Complaint, ECF No. 1-1, but declined to name such individuals on the ground that their identities were subject to the government informant privilege.[9]  ECF No. 130 at 8–9. Defendants now seek to compel Plaintiff to identify all individuals it reasonably expects may testify on the grounds that:  (1) the DOL has not properly invoked the government informant privilege;  (2) the privilege does not allow the DOL withhold the identities of its witnesses until the eve of trial;  and (3) the privilege must give away at this late stage in the case.  *See* ECF Nos. 137 & 138.  Defendants further seek unredacted versions of Written Employee Statements and a declaration[10] that were previously disclosed in redacted form (together, the "Government Informant Documents").  *See* ECF No. 137 & 138.  Plaintiff contends that (1) it has properly invoked the government informant privilege and (2) Defendants have not shown any need to

---

[9] DOL noted that it had already previously identified certain employees in its Summary Judgment briefing and may call those individuals:  Asia Green, Tiffany Ammon, and Minsuluv Donnelly.  ECF No 131 at 9, n.7.

[10] These are the same Written Employee Statements defined earlier with respect to Defendants' Motion in Limine to Preclude Written and Verbal Employee Investigation Statements from Trial, ECF No. 142, **plus** a redacted Declaration from a former ERM employee that was filed during summary judgment.  *See* ECF No. 137 ¶ 5 (citing ECF No. 41-10 at 12–13);  *compare*, ECF No. 138-1 *with* ECF No. 151-1.

breach the privilege.  Nevertheless, the DOL has offered to provide the names of witnesses that it expects will testify 30 days before trial, and will produce the Government Informant Documents in unredacted form if, and when, the employee who gave the statement takes the stand.  *See* ECF No. 156.

### 1.   Government Informant Privilege Furthers the Goals of the FLSA

The government informant privilege is well settled and is "frequently asserted in civil actions brought under the FLSA."  *Chao v. Raceway Petroleum, Inc.*, Civil Action No. 06-3363 (JLL), 2008 U.S. Dist. LEXIS 39018, at *8 (D.N.J. May 12, 2008);  *Mitchell v. Roma*, 265 F.2d 633, 365–67 (3d Cir. 1959) (noting that "[t]he relationship between an employer and employees is a sensitive one.").  It is the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  The purpose of the privilege is the "furtherance and protection of the public interest in effective law enforcement" and it encourages "citizens to communicate their knowledge of violations of law to law-enforcement officials…by preserving their anonymity."  *Mitchell v. Roma*, 265 F.2d 633, 635 (3d Cir. 1959).

### 2.   DOL Has Properly Invoked Government Informant Privilege

As an initial matter, the Court finds that Plaintiff has properly invoked the government informant privilege regarding the names of the employee witnesses who will testify at trial and their redacted Government Informant Document.

To invoke the government informant privilege, "[t]here must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer."  *United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980) (citing *United States v. Reynolds*, 345 U.S. 1, 7–8 (1953);  *see also*, *Perez v. Am. Future Sys.*, No. 12-

6171, 2013 U.S. Dist. LEXIS 151324, at *8–10 (E.D. Pa. Oct. 21, 2013). Such invocation can also be made by another high-ranking administrator to whom such duties are delegated. *Id.* "The delegation and assertion of the privilege must be in writing, with an officer of high authority in DOL attesting to his personal review of the documents and materials at issue in the case." *Am. Future Sys.*, 2013 U.S. Dist. LEXIS 151324, at *9 (internal citations and quotations omitted). The attestation "must give precise and certain reasons for preserving the confidentiality of the communications." *Id.*

In response to Defendants' Motion to Compel, Plaintiff submitted a declaration from Acting Administrator of the Wage and Hour Division Jessica Looman, who states that by Order of the Secretary of Labor, she has been delegated responsibility to invoke the government informant privilege. ECF No. 156-1 ¶ 7. She further states that she personally reviewed the portions of the Government Informant Documents that have been redacted pursuant to this privilege. *Id.* ¶ 13. She further notes that the DOL promised the informants that it will attempt to keep their identity "confidential to the maximum extent possible under existing law." *Id.* ¶ 10. Finally, Acting Administrator Looman asserts that disclosing the identifies of these individuals could adversely impact them by exposing them to retaliation or impeding their ability to obtain or retain employment, and may also deter others from reporting similar violations. *Id.* ¶ 11.

Having reviewed Acting Administrator Looman's declaration, the Court finds that DOL has properly invoked the government informant privilege.

### 3. Defendants' Need Must Be Balanced Against the Public Interest in Protecting the Flow of Information

Even when properly invoked, the government informant privilege is not absolute. *Chao v. Raceway Petroleum, Inc.*, Civil Action No. 06-3363 (JLL), 2008 U.S. Dist. LEXIS 39018, at *8

(D.N.J. May 12, 2008).  To determine when disclosure of material subject to the government informant privilege is appropriate, the court must "balance the public interest in protecting the flow of information against the individual's right to prepare his defense, taking into consideration the particular circumstances of each case." *Mitchell v. Roma*, 265 F.2d 633, 636 (3d Cir. 1959).  Defendants bear the burden of establishing that the need for disclosure is greater than the purpose behind the privilege. *Raceway Petroleum, Inc.*, 2008 U.S. Dist. LEXIS 39018, at *8.

Cases about invocation of the government informant privilege in the FLSA context frequently distinguish between the discovery stage and the trial stage, and defendants' interests in disclosure strengthen as the case approaches trial. *In re Acosta*, No. 18-1566, 2018 U.S. App. LEXIS 38164, at *1 (3d Cir. Apr. 5, 2018) (finding "premature" the ordering of disclosure at the discovery phase, but noting that "[t]he District Court may consider ordering the disclosure of the identities of those employees that will be called as witnesses at a date closer to trial."); *see Acosta v. Fairmount Foundry, Inc.*, No. 17-4302, 2019 U.S. Dist. LEXIS 6162,  at *8 (E.D. Pa. Jan. 14, 2019) (denying the disclosure of informants' identifies "[a]s the parties have yet to file summary judgment motions," but noting that "[w]ere the case approaching trial … [Defendant] would have a stronger claim to immediate access."); *Costa v. Christian Home Healthcare Corp.*, Civil Action No. 18-1194, 2019 U.S. Dist. LEXIS 240287 (W.D. Pa. July 1, 2019) (Dodge, M.J.) (noting that "the Court may consider ordering disclosure of the identities of the relevant employees who will be called as witnesses at a date closer to trial in the event that [Defendant] demonstrates that it requires this information in order to adequately defend its interests.").  Here, discovery is complete, summary judgment motions have been resolved, and trial is scheduled to begin in approximately six weeks.  Therefore, the issue of disclosure is ripe.

Plaintiff has invoked the government informant privilege with respect to two types of information:  1) the identity of witnesses who may or will testify at trial and 2) the unredacted versions of the Government Informant Documents.  Defendants contend they need the names of trial witnesses and unredacted statements to prepare their defense to DOL's joint employer theory, which will focus on the relevant employee's relationship with Staff Source and Elder Resource Management.  ECF No. 138 at 7–9.  As such, they seek to distinguish their needs from cases upholding government informant privilege on the grounds that the relevant information, for example, the failure to pay overtime, is known by the Defendants regardless of the identity of the informant.  ECF No. 138 at 7.  Plaintiff responds that Defendants do, in fact, know the details regarding their relevant employees, such as whether the employees were paid with two paychecks, what their hourly rate was, and which employees filed applications with Staff Source.  ECF No. 156 at 6–7.  Plaintiffs further point to the fact that the redacted Government Informant Documents contain all the relevant facts, except for the informants' identity;  thus, Defendants have no need to learn of the identities of the witnesses except for impeachment purposes.  ECF No. 156 at 10.

With respect to the first category—the identity of the witnesses who may or will testify at trial— the DOL has offered to identify, 30 days prior to trial, who among the current and former employees listed in Schedule A of the Complaint it expects to call at trial.  ECF No. 156 at 5.  The Court finds that disclosure of the witnesses DOL will or may call at trial, 30 days before trial, appropriately balances the interests of the informant privilege with the Defendants' ability to prepare their case.  *See also*, ECF No. 137 ¶¶ 4, 10 (Defendants' motion noting that "thirty (30) days may be enough time to feasibly allow Defendants to prepare for trial…" and requesting that the Court rule on the motion at least 30 days prior to trial).  Therefore, Plaintiff will be ordered,

on or before February 14, 2022, to disclose the identities of the government informants that DOL will or may call at trial.

With respect to the second category of information Defendants' request—unredacted versions of the Government Informant Documents—the Court finds that Defendants' request for unredacted versions of *all* Government Informant Documents is overbroad.  *See Acosta v. Five Star Automatic Fire Prot., LLC*, No. EP-16-CV-282-PRM, 2017 U.S. Dist. LEXIS 228552, at *11–12 (W.D. Tex. May 30, 2017) (ordering the production of unredacted statements for testifying employees, but statements redacting the name of the employee for any non-testifying witness). Here, Plaintiff seeks to introduce Government Informant Documents into the record either as exhibits or through Ms. Wisniewski reading them into the record.  *See* ECF No. 157 at 1;  ECF No. 131 at 1.  Thus, DOL refuses to identify the government informants while simultaneously seeking to introduce the Government Informant Documents as substantive evidence at trial.

Thus, the Court will order the disclosure of unredacted Government Informant Documents that the DOL will seek to introduce into the record either as exhibits or through Ms. Wisniewski reading them into the record.  *Perez v. Am. Future Sys.*, No. 12-6171, 2013 U.S. Dist. LEXIS 151324, at *15–16 (E.D. Pa. Oct. 21, 2013) (noting that the "sword" is the use of those statements before a trier of fact and finding appropriate DOL's proposition that "privilege is lost for a specific witness if a declaration by that witness is used in support of a motion for summary judgment").

The Court now turns to the appropriate timing for the disclosure of unredacted versions of Government Informant Documents.  In an analogy to the Jencks Act, 18 U.S.C. § 3500(a), Plaintiff has offered to turn over the unredacted versions of the Government Informant Documents only *after* the relevant informant has testified.  ECF No.  156. 3–5 (citing *Donovan v. Fasgo, Inc.*, 32

Fed. R. Serv. 2d 1643, 1981 WL 2402, at n. 2 (E.D. Pa. 1981)).  The Jencks Act analogy is not perfect, but is instructive here, particularly with respect to current practice in the Western District of Pennsylvania.  Under the Jencks Act, the Court cannot order the disclosure of Jencks Act material in a federal criminal trial until a witness has testified on direct examination.  Judges in this District, including the undersigned, have encouraged the United States to provide all Jencks Act materials sufficiently in advance of the trial to avoid any delays of, or during, trial.[11]  Here, the Court concludes that ordering disclosure of the unredacted versions of Government Informant Documents for (1) the witnesses who may or will testify at trial and (2) Government Informant Documents that the DOL will seek to introduce into the record either as exhibits or through Ms. Wisniewski reading them into the record, no later than 7 days prior to trial, strikes an appropriate balance.[12]

Therefore, Plaintiff will be ordered, on or before March 9, 2022, to provide unredacted versions of the (1) Government Informant Documents for government informants whom DOL will or may call at trial and (2) Government Informant Documents that the DOL will seek to introduce into the record either as exhibits or through Ms. Wisniewski reading them into the record.

---

[11] *See United States v. Eddings*, No. 2:21-CR-141-CCW, 2021 U.S. Dist. LEXIS 218796, at *6 (W.D. Pa. Nov. 12, 2021) (Wiegand, J.) ("[T]he United States is encouraged to provide all Jencks Act materials prior to the final pretrial conference.");  *United States v. Harris*, No. 19-313, 2021 U.S. Dist. LEXIS 87629, at *6 (W.D. Pa. May 7, 2021) (Horan, J.) ("the government is encouraged to produce such material in sufficient time for its effective use at trial so that it will not result in a delay of the trial, or delay during the trial.");  *United States v. Talley*, No. 14-265, 2015 U.S. Dist. LEXIS 52144, at *7 (W.D. Pa. Apr. 21, 2015) (Cohill, J.) ("We do, however, encourage the Government to provide the defense with Jencks Act materials in time to avoid any delays during trial.");  *United States v. Tarnai*, No. 2:11cr254, 2012 U.S. Dist. LEXIS 168585, at *15 (W.D. Pa. Nov. 28, 2012) (Cercone, J.) ("The government is encouraged to disclose its Jencks Act material at least [] five business days prior to trial").
[12] *See Acosta v. Five Star Automatic Fire Prot., LLC*, No. EP-16-CV-282-PRM, 2017 U.S. Dist. LEXIS 228552, at *12 (W.D. Tex. May 30, 2017) ("The Court is not persuaded that the required disclosure of witnesses and their unredacted statements 15 days before trial enhances their risk of retaliation more than disclosing said statements after the witnesses testify at the time of trial, which is what the DOL requests...");  *Perez v. Guardian Roofing LLC*, No. 3:15-cv-05623-RJB, 2016 U.S. Dist. LEXIS 48532 (W.D. Wash. Apr. 11, 2016) (noting that after the pretrial conference, "DOL should then disclose all of the 10 employee-informants' identities and produce all of their unredacted statements, regardless of whether those persons will be called by DOL as witnesses.").

## IV.     Conclusion

For the foregoing reasons, the Court resolves the Motions as follows:

- Plaintiff's Motion in Limine Regarding Ed Chow and Defendants' Proposed Exhibits D-9 And D-10, ECF No. 139, is **GRANTED** in part and **DENIED** in part, such that

  - o   proposed Exhibits D-9 and D-10 are excluded;  and

  - o   Mr. Chow may testify at trial only if he is made available to Plaintiff for deposition, to occur on or before **February 23, 2022**.   If Defendants definitively agree to withdraw Mr. Chow as a trial witness and the parties file a stipulation memorializing that agreement on or before **February 16, 2022**, then Plaintiff shall not be permitted to take Mr. Chow's deposition;

- Plaintiff's Amended Motion in Limine Regarding Defendants' Exhibits D-3, D-7 and D-23, ECF No. 151 is **GRANTED**, such that the Defendants' proposed Exhibits D-3, D-7 and D-23 are excluded;

- Plaintiff's Motion in Limine Regarding Defendants' Proposed Exhibit D-5, ECF No. 141, is **DENIED**, such that Defendants may present proposed Exhibit D-5;

- Defendants' Motion in Limine to Preclude Written and Verbal Employee Investigation Statements from Trial, ECF No. 142, is DENIED in part and DEFERRED in part, such that

  - o   Ms. Wisniewski may testify about Verbal Employee Statements and the Written Employee Statements, however this ruling will be deferred in part with respect to the scope of Ms. Wisniewski's testimony until the Court receives   further   information   from   the   parties   regarding

translation/interpretation issues associated with the Written and Verbal Employee Statements, as further discussed in Section III.D.4;

- o Written Employee Statements are admissible so long as Plaintiff presents appropriate testimony of the custodian or another qualified witness at trial, such as Ms. Wisniewski, to lay the foundation for the Written Employee Statements' admission, however this ruling on Written Employee Statements will be deferred in part with respect to its scope until the Court receives further information from the parties regarding translation/interpretation issues associated with the Written and Verbal Employee Statements, as further discussed in Section III.D.4.

- Defendants' Motion to Compel Identification of Plaintiff's Trial Witnesses and Unredacted Employee Statements, ECF No. 137, is **GRANTED** in part such that Plaintiff shall disclose the identities of the government informants whom DOL will or may call at trial on or before **February 14, 2022**; and **DENIED** in part such that Plaintiff shall provide unredacted versions of the (1) Government Informant Documents for the government informants whom DOL will or may call at trial on or before **March 9, 2022** and (2) Government Informant Documents that the DOL will seek to introduce into the record either as exhibits or through Ms. Wisniewski reading them into the record on or before **March 9, 2022**.

It is FURTHER ORDERED that the parties shall meet and confer to discuss any hearsay objections to the Verbal Employee Statements or Written Employee Statements on the grounds of translation or interpretation, and file a joint status report on or before **February 7, 2022** indicating (1) which of the Verbal Employee Statements or Written Employee Statements were subject to

translation or interpretation;  (2) which, if any, of the Verbal Employee Statements or Written Employee Statements that were subject to translation or interpretation Plaintiff may offer at trial; and (3) which, if any of the Verbal Employee Statements or Written Employee Statements Defendants maintain a hearsay objection to on the grounds of  translation or interpretation.

To the extent, after conferral, Defendants maintain a hearsay objection on the grounds of translation or interpretation with respect to one or more of the Verbal Employee Statements or Written Employee Statements that Plaintiff may offer at trial, Plaintiff shall be required to file on or before **February 9, 2022** a supplemental memorandum not to exceed 3 double-spaced pages on why such objected Written Employee Statements are admissible; and Defendants shall submit a response not to exceed 3 double-spaced pages on or before **February 14, 2022**.

Following submission of the parties' Joint Report and any related supplemental memoranda, the Court will refine its ruling on admissibility of Verbal Employee Statements or Written Employee Statements that are implicated by interpretation or translation issues.

DATED this 31st day of January 2022.

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record