IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, | ) |
| | ) |
|     Plaintiff, | )  2:19-CV-00546-CCW |
| | ) |
| v. | ) |
| | ) |
| ELDER RESOURCE MANAGEMENT, INC.; STAFF SOURCE, INC.; ANNA ZAYDENBERG; MARSHA SIMONDS, | ) ) ) ) |
| | ) |
|     Defendants. | ) ) |

**MEMORANDUM ORDER**

Following this Court's Memorandum Order deferring in part its ruling on Defendants' Motion in Limine to Preclude Written and Verbal Employee Investigation Statements from Trial, ECF No. 142, the parties were ordered to file a joint report indicating, among other things, which of the Verbal Employee Statements or Written Employee Statements were subject to translation or interpretation. *See* ECF No. 162 at 17–19.  In the joint status report, the Department of Labor ("DOL") represents that "none of the referenced statements or interviews were conducted by Investigator Wisniewski with the assistance of an interpreter." ECF No. 164 at 1–2.  Defendants maintain their hearsay objection to any Verbal or Written Employee Statement that was made using an interpreter, and insist that Investigator Wisniewski's deposition testimony shows that she was assisted by an interpreter for at least one employee interview. *Id.* at 2.  Defendants have offered to waive their objection if (1) Ms. Wisniewski signs a declaration under penalty of perjury stating that none of the Written Employee Statements were prepared with the assistance of an interpreter or translator in any way;  and (2) the DOL stipulates that Ms. Wisniewski shall not

testify on direct examination regarding any Statements that were made with the assistance of an interpreter or translator. *Id.*

The parties disagree about the import of Ms. Wisniewski's deposition testimony regarding use of interpretation. *See* ECF Nos. 170 & 171. In her deposition, when asked why one certain Written Employee Statement was not signed, Ms. Wisniewski replied that "what I'm recalling with that is I believe I had to use an interpreter on the line, so when I mailed it I think that -- although they understood me through the interpreter, I don't think they're able to read it… But I'm making an assumption." ECF No. 170-1 at 43:20–44:1. When asked how she would deal with a person who spoke only Russian, Ms. Wisniewski testified that "[w]hen I called and introduced myself … [and] they're not able to converse back with me," "[w]e have a service authorized through the department that there's an 800 number that I can call and somebody's right on the phone with us." ECF No. 170-1 at 44:10–19.

DOL contends that this testimony is equivocal at best as to whether Ms. Wisniewski employed an interpreter. ECF No. 170 at 1–2. Further, DOL represents that, after review and consultation with Ms. Wisniewski, no translated statements exist. *Id.* Defendants contend that the deposition contains an admission that at least one person with whom Ms. Wisniewski spoke during her investigation could not converse with her and that she had to use the "800 number" to reach a translator. ECF No. 171 at 2.

Defendants also contend that DOL has not addressed whether any Verbal Employee Statements, as opposed to Written Employee Statements, were taken with an interpreter. ECF No. 171 at 3.

As discussed in this Court's opinion and order, ECF No. 162 at 17–18, "federal circuits presume the admissibility of translated statements that are otherwise admissible, provided

2

however, that there is no showing of unreliability or a motive to mislead." *Cmty. Ass'n Underwriters of Am. v. Queensboro Flooring Corp.*, No. 3:10-CV-01559, 2016 U.S. Dist. LEXIS 57233, at *19–20 (M.D. Pa. Apr. 29, 2016). In considering unreliability or a motive to mislead, courts look at "[1] which party supplied the interpreter, [2] whether the interpreter had any motive to mislead or distort, [3] the interpreter's qualifications and language skill, and [4] whether actions taken subsequent to the conversation were consistent with the statements as translated." *Id.* at *20 (citing *United States v. Nazemian*, 948 F.2d 522, 527 (9th Cir. 1991) (enumeration added).

Here, the parties do not agree on the threshold issue—which, if any, Written or Verbal Employee Statements were made or taken with the help of a translator or interpreter—and they have not addressed any of the above factors. In light of the DOL's representation that no translated statements exist and the availability of Ms. Wisniewski for cross-examination at trial, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion in Limine to Preclude Written and Verbal Employee Investigation Statements from Trial. ECF No. 142. As such, the Court resolves its deferred decision, *see* ECF No. 161 at 26–27, as follows:

- Ms. Wisniewski's testimony regarding Verbal Employee Statements and Written Employee Statements on matters within the employee's scope of employment, specifically the employee's (1) identity; (2) job title and responsibilities; (3) hours worked; (4) rates and methods of pay; (5) direct supervision; and (6) timekeeping, is not hearsay and is therefore admissible under Rule 801(d)(2)(D), *see* ECF No. 162 at 16; and

- To the extent such memorialization or any portion of the Written Employee Statement raises a double hearsay issue, the Written Employee Statements would be admissible under Federal Rule of Evidence 803(6), so long as DOL presents

appropriate testimony of the custodian or another qualified witness at trial, such as Ms. Wisniewski, to lay the foundation for the Written Employee Statements' admission, ECF No. 162 at 17.[1]

IT IS SO ORDERED.

DATED this 23rd day of February, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record

---

[1] In their supplemental brief, Defendants contend that the parties' dispute over whether any Verbal Employee Statements and Written Employee Statements were subject to translation or interpretation also relates to the question of whether the Written Employee Statements are untrustworthy under Federal Rule of Evidence 803(6)(e) (Records of a Regularly Conducted Activity). *See* ECF No. 171 at 3. In doing so, Defendants refer the Court to Defendants' prior analysis of the Written Employee Statements under Federal Rule of Evidence 803(8)(e) (Public Records). *See id.* (citing ECF No. 150 at 3–4). The Court need not reach this argument at this time, because the Court has already found that the Written Employee Statements would be admissible under Federal Rule of Evidence 803(6) subject to appropriate testimony.