IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, | ) |
| | ) |
| Plaintiff, | )   2:19-CV-00546-CCW |
| | ) |
| v. | ) |
| | ) |
| ELDER RESOURCE MANAGEMENT, INC.; STAFF SOURCE, INC.; ANNA ZAYDENBERG; MARSHA SIMONDS, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER ON DEPARTMENT OF LABOR'S MOTION FOR RECONSIDERATION**

The Department of Labor ("DOL") filed a motion requesting that the Court reconsider the portion of its prior opinion and order directing DOL to produce, one week before the non-jury trial of this case begins, unredacted Government Informant Documents[1] for government informants who will not testify at trial but for whom DOL will nonetheless "seek to introduce [their statements] into the record either as exhibits or through [Wage and Hour Investigator] Ms. Wisniewski reading them into the record." ECF No. 166 (citing ECF No. 162 at 27). Defendants have responded, ECF No. 176, DOL sought and received leave to file a reply brief, ECF No. 181, and DOL's Motion for Reconsideration is now ripe for review.

---

[1] As defined in the Court's prior opinion and order, the "Government Informant Documents" are the "Written Employee Statements" found in ECF No. 150-1 **plus** a redacted declaration from a former ERM employee that was filed during summary judgment at ECF No. 41-10. *See* ECF No. 162 at 19 n.10.

**I.     Standard of Review**

"Although the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration," a district court "has the inherent power to reconsider prior interlocutory orders." *Deeters v. Phelan Hallinan & Schmieg, LLP*, No. 3:11-252, 2013 WL 6524625, at *1 (W.D. Pa. Dec.12, 2013) (Gibson, J.); *Scarnati v. Soc. Sec.*, No. 13-cv-0575, 2013 U.S. Dist. LEXIS 72791, at *1 (W.D. Pa. May 22, 2013) (Schwab, J.) ("The purpose of a [m]otion for [r]econsideration is to correct manifest errors of law or fact or to present newly discovered evidence") (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

Because "federal courts have a strong interest in [] finality" and because "a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court," such motions "should be granted sparingly." *EEOC v. United States Steel Corp.*, Civil Action No. 10-1284, 2012 WL 1150799 at *7 (W.D. Pa. Apr. 5, 2012) (Fischer, J.) (citations omitted); *see also*, *Deeters*, 2013 WL 6524625, at *2 ("'Courts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e).'") (quoting *A&H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, CIV. A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001)) (alteration in the original)).

Consistent with Fed. R. Civ. P. 59, reconsideration is only available where the movant shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with the earlier ruling is insufficient; the movant must show that the "Court committed a direct, obvious, or observable error, and one that is of at least some importance to the larger proceedings." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018). "[T]he focus is on the

gravity and overtness of the error." *Id*. To prevail in showing that there is a need to correct a clear error of law or fact or to prevent manifest injustice, the party seeking reconsideration must show that the underlying decision "was clearly wrong and that adherence to the decision would create a manifest injustice." *EEOC v. United States Steel Corp.*, 2012 U.S. Dist. LEXIS 49167, at *23 (W.D. Pa. Apr. 5, 2012) (Fischer, J.).

## II. Discussion

### A. The Parties' Arguments

DOL contends that the Court's Order requiring disclosure, one week before trial, of unredacted Government Informant Documents for non-testifying witnesses that DOL will introduce into the record was a "manifest error of law," because such decision is, in DOL's view, inconsistent with the Court's determination that (1) the Secretary had properly invoked the informer's privilege; and (2) that the anonymous statements were admissible non-hearsay evidence or fell under a hearsay exception. *See* ECF No. 169 at 1–2 (citing ECF No. 162 at 13–16). According to DOL, these determinations mean that the Government Informant Documents are inherently reliable and need not be tested via cross-examination. *Id.* at 2. Thus, there are no other reasons to reveal the declarants' identities and the government informant's identities should remain undisclosed. *Id.* (citing *Mitchell v. Roma*, 265 F.2d 633 (3d Cir. 1959)).

Defendants contend that because DOL has not yet laid any foundation for the admissibility of the Written Employee Statements,[2] DOL cannot rely on their admissibility as an argument to

---

[2] DOL's Motion to Reconsider seeks reconsideration of a narrow part of this Court's ruling regarding a subset of the Government Informant Documents. ECF No. 166; ECF No. 169 at 1. Some of DOL's arguments for reconsideration are based on this Court's opinion with respect to the admissibility of the Written Employee Statements. As discussed in footnote 1 above, the Government Informant Documents are slightly broader than the Written Employee Statements. The Court follows its approach from the prior opinion and uses the term "Written Employee Statements" when discussing their admissibility under Federal Rule of Evidence 801(d)(2)(D) (employee statements within the scope of

withhold the unredacted Government Informant Documents. ECF No. 176 at 3. Furthermore, Defendants maintain that even if such Written Employee Statements are admissible, the Court did not err in applying the balancing test under *Mitchell v. Roma* by ordering the disclosure of the unredacted Government Informant Documents. *See* ECF No. 176.

### B. The Court Did Not Commit a Clear Error of Law

As previously addressed more fully in this Court's opinion and order, FLSA cases involving the government informant privilege acknowledge that defendants' interests in disclosure strengthen as the case approaches trial. ECF No. 162 at 22 (collecting cases).[3]

DOL cites several cases[4] for the proposition that courts have allowed the Secretary to introduce anonymous statements from non-testifying individuals. *See* ECF No. 169 at 6. Those decisions, however, are distinguishable because they were rendered at summary judgment as opposed to at the trial stage, and because disclosure of information pursuant to the government informant privilege does not appear to have been contested. *See Scalia v. Ghosn*, 451 F. Supp. 3d 1215, 1221 (W.D. Okla. 2020) (finding at summary judgment that "the government's unchallenged invocation of the informer's privilege protects the identities of the anonymous employees."); *U.S.*

---

employment as non-hearsay) and "Government Informant Documents" when discussing government informant privilege. *See* ECF No. 162.

[3] In its reply, DOL contends that Defendants seek the identities of informants in order to efficiently subpoena adverse witnesses and argues that this is not a sufficient reason to pierce the informer's privilege "even when the size of a witness pool makes it unlikely that a defendant would practically be able to interview each potential witness." ECF No. 181 at 2–3 (citing *Perez v. Am. Future Sys.*, No. 12-6171, 2013 U.S. Dist. LEXIS 151324, at *14 (E.D. Pa. Oct. 21, 2013) (citing *Chao v. Raceway Petroleum, Inc.*, 2008 WL 2064354, at *4 (D.N.J. May 14, 2008)). The cases that DOL cites involve the discovery stage, rather than the trial stage at issue here, where the Court has ordered disclosure to occur only one week before trial.

[4] DOL also cited *Pappas v. Middle Earth Condo Ass'n*, 963 F.2d 534, 538 (2d Cir. 1992). ECF No. 169 at 5; ECF No. 181 at 4. In that case, statements by an unidentified employee were admissible pursuant to Rule 801(d)(2)(D) (employee statements within the scope of employment as non-hearsay) because the proponent was able to establish by circumstantial evidence that the declarant was an employee. *Pappas* does not appear to involve the intersection of Rule 801(d)(2)(D) (employee statements within the scope of employment as non-hearsay) and the government informant privilege.

*Dep't of Lab., Sec'y of Lab. v. Until Serv. Corp.*, 2021 WL 5359741, at *7 (D.N.H. Nov. 17, 2021) (noting that defendants waived any challenge to government's informers' privilege "for the purpose of that evidence's use at summary judgment"). Further, when the government informant privilege is contested at the summary judgment stage, some courts have required the disclosure of the informants' identities. *See Perez v. Am. Future Sys.*, No. 12-6171, 2013 U.S. Dist. LEXIS 151324, at *15–16 (E.D. Pa. Oct. 21, 2013) (noting that in *Martin v. N.Y.C. Transit Auth.*, 148 F.R.D. 56 (E.D.N.Y. 1993), the Court "gave DOL a choice: lose the privilege for the witnesses whose declarations support a motion for summary judgment, or forgo those declarations, but keep the privilege."). In its reply, DOL points out that in *Perez v. Am. Future Sys.*, DOL *volunteered* to waive the privilege for employee statements introduced at summary judgment. ECF No. 181 at 2. This does not change the fact that the "the 'sword' [is] not the collection of witness statements, but the use of those statements before a trier of fact." 2013 U.S. Dist. LEXIS 151324 at *15–16. DOL has the same opportunity here to choose whether it will introduce those statements before a trier of fact.

When considering how the government informant privilege may apply to employee statements at the trial stage, courts have reached a range of outcomes—from ordering the disclosure of the identities of only testifying employee-informants[5] to ordering the disclosure of the identities of all employee-informants with their unredacted statements whether or not they will

---

[5] *See Acosta v. Five Star Automatic Fire Prot.*, LLC, No. EP-16-CV-282-PRM, 2017 U.S. Dist. LEXIS 228552, at *11–12 (W.D. Tex. May 30, 2017) (ordering the production of unredacted statements for testifying employees, but statements redacting the name of the employee for any non-testifying witness).

testify at trial.[6] One court has even prohibited DOL from offering written employee statements from unidentified government informants at trial.[7]

Here, the Court ordered disclosure one week before trial of unredacted Government Informant Documents for the testifying government informants and non-testifying government informants that DOL will seek to introduce as substantive evidence at trial. ECF No. 162 at 27.

In ordering such disclosure, the Court considered the range of decisions on this issue by other courts, as well as the parties' respective interests, *see* ECF No. 162 at 23, and "balance[d] the public interest in protecting the flow of information against the individual's right to prepare his defense, taking into consideration the particular circumstances of each case." *Mitchell v. Roma*, 265 F.2d 633, 636 (3d Cir. 1959).

With respect to the balancing test, DOL contends that because the redacted Government Informant Documents for non-testifying witnesses contain all of the substantive facts and Defendants have no right to cross-examine the declarants who do not testify at trial, Defendants have no other legitimate interest in their identities—thus, the balance tips in favor of the DOL's interest in preserving the government informant privilege for those individuals. ECF No. 169 at 7. The crux of DOL's argument is that because the Court decided that the Written Employee Statements were admissible under Fed. R. Evid. 801(d)(2)(D) (employee statements within the scope of employment as non-hearsay) without the identification of the informant, and Defendants

---

[6] *Perez v. Guardian Roofing LLC*, No. 3:15-cv-05623-RJB, 2016 U.S. Dist. LEXIS 48532, at *8 (W.D. Wash. Apr. 11, 2016) (noting that after the pretrial conference, "DOL should then disclose all of the 10 employee-informants' identities and produce all of their unredacted statements, regardless of whether those persons will be called by DOL as witnesses.")

[7] *Perez v. Los Arcos Seafood & Grill, Inc.*, No. 3:12-cv-01133, 2016 U.S. Dist. LEXIS 31082, at *19 (M.D. Tenn. Mar. 9, 2016) (excluding unsworn employee statements from unidentified government informants on the grounds that they were in part, inadmissible because "presenting the employee statements at trial would deny Defendants the ability to cross-examine the witnesses").

have no right to cross-examine the declarants, the Defendants have no other legitimate interest in the identities of the individuals identified in the Government Informant Documents.[8]  ECF No. 169 at 7.

In conducting the *Mitchell v. Roma* balancing test, the Court considered the Defendants' need for the information to prepare their defense based on the circumstances of this case and the importance of protecting government informants from retaliation and encouraging employees to report violations.  Here, the Court found persuasive Defendants' arguments that the joint employer aspect of this case differs from other FLSA cases and their contention that the identity of the informant is important to the defense of whether Defendants were joint employers of a particular employee (for example, whether the individual submitted an application to work at Defendant Staff Source or who trained and supervised the employees).  *See* ECF No. 138 at 8–9.  The Court also considered DOL's arguments regarding the risk of retaliation, as well as DOL's arguments that Defendants should not be rewarded for their inaccurate or incomplete records and Defendants could have provided other evidence during discovery showing that the relevant employees performed work for clients other than Defendant Elder Resource Management's clients.[9]  ECF No. 156 at 9.

---

[8] In its original brief and its reply brief, ECF No. 169 at 3–4, ECF No. 181 at 3, DOL points to *United States v. Cruz*, where the Court of Appeals for the Third Circuit found that the identity of the defendant's coconspirator was not necessary—based on the facts of that case—for a statement to be admitted as non-hearsay under Federal Rule of Evidence 801(d)(2)(E) (coconspirator statements as non-hearsay).  910 F.2d 1072, 1081 n.10 (3d Cir. 1990).  Here, like *Cruz*, the Court has already ruled that the Written Employee Statements are subject to Federal Rule of Evidence 801(d)(2)(D) (employee statements within the scope of employment as non-hearsay) despite the government informant's identity being unknown at the time of this Court's ruling.  The admissibility of the Written Employee Statements as set forth in the Court's opinion and order, *see* ECF No. 162 at 14–17, 26–27, is a different analysis than the balancing test in *Mitchell v. Roma*.  While the Court found that the Written Employee Statements would be admissible subject to appropriate foundational testimony at trial, the Court, as discussed further, applied the balancing test *Mitchell v. Roma*.

[9] Defendants point to *In re Perez*, where the Ninth Circuit reversed a district court's discovery order requiring the disclosure of informant identities.  749 F.3d 849 (9th Cir. 2014).  There, DOL sought to prove its case based on a

After balancing these competing interests, the Court ordered the disclosure, seven days before trial, of only the unredacted Government Informant Documents that the DOL will seek to introduce into the record.  The Court's decision was narrowly tailored to the facts and procedural posture of this case.  While DOL may disagree with the results of the Court's balancing, the Court concludes that there was no error, let alone clear, and that this limited disclosure close to trial will not be unjust, let alone manifestly so.

### III. Conclusion

For the reasons set forth above, it is hereby ORDERED that the DOL's Motion for Reconsideration is DENIED.

DATED this 23rd day of February, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

representative sample of 150 employees (of the 2,000 employees). *Id.* at 853 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).  The Ninth Circuit found that the defendants had not shown a compelling need for the identities or identifying information of the 250 employees who were not part of the representative sample and would not be witnesses at trial, and further noted that the unredacted statements for the 150 employees in the representative sample had already been turned over. *Id.* at 857–59.  Here, DOL's witness list also indicates that DOL intends to proceed by using representative evidence, which includes Ms. Wisniewski reading the contents of the Government Informant Documents into the record. *See* ECF No. 131 at 1–2.  Thus, the Court's decision is consistent with *In re Perez*, which only prohibited the disclosure of the identities of individuals who were *not* part of the representative sample.