IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CV-00546-CCW |
| | ) | |
| v. | ) | |
| | ) | |
| ELDER RESOURCE MANAGEMENT, | ) | |
| INC.; STAFF SOURCE, INC.; ANNA | ) | |
| ZAYDENBERG; MARSHA SIMONDS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MEMORANDUM ORDER</u>

On February 11, 2022, almost three years after this case was filed and only one month before the long-scheduled trial, Defendants filed a Motion for Leave to Amend Their Pretrial Statement and Otherwise Correct the Record. *See* ECF No. 172. Essentially, Defendants seek to "amend their pretrial statement to include as a defense that [Defendants Elder Resource Management] and Staff Source were not the statutory employer of all or some of the individuals listed in Schedule A to the Complaint." *Id.* ¶ 2. Defendants further request that the Court "receive at trial and in post-trial submissions Defendants' evidence and argument" on the issue and request a correction of the record to "clarify that any prior pleadings, motions, stipulations, or statements that may have been made or filed by Defendants shall not conclusively determine that ERM and Staff Source constitute an 'employer' under the FLSA for the individuals on Schedule A." *Id.* ¶ 3. Defendants do not seek reconsideration of this Court's decision that Defendants Zaydenberg and Simonds are "employers" under the FLSA, *see* ECF No. 105 ¶ 3, but contend that if Defendants Elder Resource Management and Staff Source are not "employers" under the FLSA for all or some

of individuals listed in Schedule A, then neither are Defendants Zaydenberg and Simonds.  ECF No. 172 ¶ 4.  The Department of Labor ("DOL") opposes this request.  ECF No. 177.

## I.     Relevant Facts and Procedure

On May 10, 2019, DOL commenced this case, claiming that Defendants are liable for unpaid minimum wage, overtime compensation, and liquidated damages for certain of Defendants' current and former employees listed in Schedule A.  *See* ECF No. 1 at 5; ECF No. 1-1.  After discovery had closed, this case was transferred to the undersigned on October 23, 2020.  ECF No. 52.  The parties filed cross-motions for summary judgment, and, because Defendants did not dispute that Defendant Zaydenberg and Defendant Simonds were each an "employer" for purposes of § 3(d) of the FLSA, the Court granted summary judgment in favor of DOL on the issue.  ECF No. 104 at 7–8.  Specifically, Defendants stated:

> Although Defendants disagree that they were joint employers, acted without good faith, or acted willfully, they do not dispute that Mrs. Zaydenberg is a Section 3(d) employer of ERM employees and Mrs. Simonds is an employer of Staff Source, Inc employees.  Defendants dispute that Mrs. Zaydenberg is an employer of Staff Source, Inc. employees and that Mrs. Simonds is an employer of ERM employees.

ECF No. 62 at 2 n.1.  Following its disposition of the cross-motions for summary judgment, on September 24, 2021, the Court issued a final pretrial order setting a jury trial for June 13, 2022.  ECF No. 122.  Following the parties' joint stipulation to a non-jury trial, ECF No. 125, on October 1, 2020, the Court set a trial date of March 16, 2022.  ECF No. 127.  Defendants' Pretrial Narrative was filed on November 15, 2021, ECF No. 132, and the parties submitted joint stipulations on November 22, 2021, which stated that "Defendant Elder Resource Management employed all of the Schedule A Employees during the relevant time period."  ECF No. 136 ¶ 5.  On February 11,

2022, Defendants filed the pending Motion to amend their pretrial statement and otherwise correct the record.  ECF No. 172.

## II.      Amendment of Pretrial Narrative

A district court has "discretionary power to allow for amendment of a pretrial narrative." *Joy Mfg. Co. v. Sola Basic Indus., Inc.*, 697 F.2d 104, 109 (3d Cir. 1982).  In exercising this discretion, the district court should consider:  "(1) the prejudice or surprise in fact to the nonmoving party, (2) the ability of that party to cure the prejudice, (3) the extent to which the waiver of the rule would disrupt the orderly and efficient trial of the case, and (4) bad faith or willfulness on the part of the movant."  *Id.*

### A.      Prejudice or Surprise to DOL

#### 1.      The Parties' Arguments

Defendants contend that DOL will suffer no prejudice or surprise if Defendants argue that Elder Resource Management and Staff Source are not statutory "employers" under the FLSA for certain Schedule A individuals, because such argument is not an affirmative defense and is a legal issue that would not have changed the course of discovery.  ECF No. 173 at 2-5.  Defendants point to an Administrator's Interpretation that describes how an entity that "administers or participates in a consumer-directed, Medicaid-funded home care program" evaluates its status as an FLSA employer.  U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter on Joint Employment of Home Care Workers in Consumer-directed, Medicaid-funded Programs by Public Entities under the Fair Labor Standards Act, 2014 WL 2816951 (June 19, 2014).  In doing so, Defendants contend that in certain circumstances, a financial intermediary that processes payroll and manages withholdings would not qualify as a "joint employer" of domestic service workers under the FLSA.  ECF No.

173 at 3.  They further contend that the words, "employer," "employ," and "employee," were used colloquially throughout this case.  *Id.* at 7.

DOL contends that since the beginning of discovery when it sent Defendants a request for admission, DOL has relied on Defendants' admission that Elder Resource Management "employed each of the individuals listed in Schedule A attached to Plaintiff's Complaint during the relevant time period."  ECF No. 177 at 3 (citing ECF No. 42-1).  DOL further asserts that it had no reason to seek further details regarding Defendants' customers in light of Defendants' admission and the fact that Defendants refused to provide information such as work locations of employees or customer identities, which may have been relevant to whether such customers could be considered employers.  *Id.* (citing ECF No. 42-8).

### 2.      DOL Would Be Prejudiced or Surprised

The Court finds that DOL would be prejudiced and surprised by the amendment to Defendants' Pretrial Narrative.  Throughout this case, which was filed almost three years ago in May 2019, Defendants have consistently maintained that Elder Resource Management employed *each* of the individuals in Schedule A.  During discovery, Defendants admitted that Elder Resource Management "employed each of the individuals listed in Schedule A attached to Plaintiff's Complaint during the relevant time period."  ECF No. 42-1.  At the summary judgment stage, Defendants' undisputed statements of material fact included the following:  undisputed that "Defendant Elder Resource Management employed all of the employees listed on Schedule A to Plaintiff's Complaint during the relevant time period," ECF No. 63 ¶ 2;  undisputed that Defendant "Zaydenberg directed decisions involving hiring, firing, employee compensation, such as deciding to pay more for more experienced employees" for Elder Resource Management employees, *id.* at ¶ 7;  undisputed that Defendant "Simonds made decisions regarding the compensation of

employees of Staff Source"; *id.* ¶ 8.  In their joint stipulations for trial, the parties stipulated that "Defendant Elder Resource Management employed all of the Schedule A Employees during the relevant time period."  ECF No. 136 ¶ 5.

The Court finds persuasive DOL's contention that its discovery strategy would have changed had Defendants identified which individuals were not considered employees of the Defendants.  As discussed in this Court's opinion on the cross-motions for summary judgment and the parties' pretrial statements, the analysis of the joint employer issue in the Third Circuit is based on the fact-specific "consideration of the total employment situation and the economic realities of the work relationship."  *In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.*, 683 F.3d 462, 468 (3d Cir. 2012).

Here, had Defendants identified some individuals or categories of individuals in Schedule A as **not** being employees of the Defendants, DOL would have altered its discovery strategy to ascertain the employee relationship with respect to these individuals by serving third-party discovery and pursuing this issue during its interviews of managers and alleged employees.  ECF No. 177 at 3–4.  However, Defendants, through their discovery responses and other assertions, represented to DOL that Elder Resource Management "employed each of the individuals listed in Schedule A attached to Plaintiff's Complaint during the relevant time period," ECF No. 42-1, ECF No. 63 ¶ 2, ECF No. 136 ¶ 5, and that Defendants Simonds and Zaydenberg made certain decisions regarding employees of Defendants Elder Resource Management and Staff Source, ECF No. 63 ¶¶ 7–8.  These issues were undisputed in this case and permitting amendment of the pretrial narrative as Defendants propose would upset the parties' settled expectation on the cusp of trial and would cause prejudice and surprise to DOL.  Accordingly, this factor favors DOL.

**B.** **Ability of DOL to Cure Prejudice and Disruption of Orderly and Efficient Trial of the Case**

The Court also finds that the prejudice to DOL is not curable at this late date without major disruption to the orderly and efficient trial of this case. This case was filed on May 10, 2019, discovery closed more than eighteen months ago, and trial is set to begin on March 16, 2022—only three weeks away. See ECF Nos. 1 & 127. Defendants could have and should have raised this issue months or years ago, and in order to cure the prejudice now, the Court would have to reopen discovery at this very late date, and the trial date would have to be vacated. And the reopening would be significant and potentially lengthy, because Defendants assert these facts involve "a majority of the [300+] caregivers in [S]chedule A." ECF No. 173 at 4. In addition to the difficulty of contacting a significant portion of individuals on Schedule A on short notice, DOL also contends that it would be too late to "send written discovery [requests] to defendants or third-party discovery to customers or to the Commonwealth of Pennsylvania to learn details about its Medicaid plans" on these issues. ECF No. 177 at 4. Any re-opening of discovery would necessarily entail significantly delaying the current trial date and would therefore disrupt the orderly and efficient trial of this case. These factors also favor DOL.

**C.** **Bad Faith or Willfulness of Defendants**

Defendants' counsel contend that they are acting in good faith by alerting the Court and the DOL to this issue prior to trial. ECF No. 173 at 7. DOL disagrees. ECF No. 177 at 6−7. While Defendants' counsel highlight that they were only recently retained after discovery was complete and summary judgment was briefed, Defendants' counsel first appeared on the docket on April 21, 2021. *See* ECF No. 101. Defendants' current counsel was counsel of record when the Court issued its opinion on the cross-motions for summary judgment, ECF No. 104, when the parties participated in a judicial settlement conference, ECF Nos. 115, 116, 118, 119, 121, and when the

parties filed their pre-trial submissions, ECF Nos. 132–138, 142–43.  While the Court is not inclined to find bad faith, Defendants' counsel have offered no persuasive reason as to why they waited until three months after the filing of their Pretrial Narrative to raise this issue despite having stipulated, as recently as November 21, 2021, to the fact that "Defendant Elder Resource Management employed all of the Schedule A Employees during the relevant time period."  ECF No. 136 ¶ 5.  Although the Court is not making a finding of bad faith, this factor also favors DOL.

### III.    Withdrawal of Stipulations and Requests for Admission

In addition to requesting to amend their pretrial narrative, Defendants acknowledge that "they have stipulated and agreed in requests for admission that 'Defendant Elder Resource Management employed all of the Schedule A Employees during the relevant time period'" and seek to correct the record by contending that the words "employ," "employer," and "employee" were used in a colloquial manner and should not be "legally conclusive."  ECF No. 173 at 5, 7–10.  The Court addresses the relevant standard for amending a stipulation and request for admission in turn.

To withdraw a prior stipulation, the Court of Appeals for the Third Circuit has articulated a four-factor test to determine "whether there will be manifest injustice unless a party is relieved from a stipulation":

> (1) the effect of the stipulation on the party seeking to withdraw the stipulation…; (2) the effect on the other parties to the litigation…; (3) the occurrence of intervening events since the parties agreed to the stipulation…; and (4) whether evidence contrary to the stipulation is substantial….

*Waldorf v. Shuta*, 142 F.3d 601, 617–18 (3d Cir. 1998) (internal citations omitted) (noting that a court may do so "in exceptional circumstances");  *Thompson v. Altoona Hous. Auth.*, No. 3:10-CV-312, 2011 U.S. Dist. LEXIS 151390, at *9 (W.D. Pa. Nov. 9, 2011) (Gibson, J.);  *Volkay v.*

*Court of Common Pleas*, Civil Action No. 14-193, 2016 U.S. Dist. LEXIS 89353, at *12 (W.D. Pa. July 11, 2016) (Fischer, J.).

As discussed in more detail above, the Court does not find that this is an exceptional circumstance warranting relief from the pre-trial joint stipulation on November 22, 2021, which stated that "Defendant Elder Resource Management employed all of the Schedule A Employees during the relevant time period."  ECF No. 136 ¶ 5.  For the first two factors, the stipulation embodies the parties' settled expectations for trial, which have been consistent throughout discovery, summary judgment, and trial preparation.  For the last two factors, Defendants have not identified any intervening events since the parties agreed to that stipulation in November 2021, nor have Defendants identified substantial contrary evidence.

Similarly, the court may "permit withdrawal of an admission if 1) it promotes the presentation of the merits of the action, and 2) is not unduly prejudicial."  *Kyko Glob., Inc. v. Prithvi Info. Sols. Ltd.*, Civil Action No. 2:18-cv-01290-WSS, 2020 U.S. Dist. LEXIS 41532, at *47−48 (W.D. Pa. Mar. 10, 2020) (Stickman, J.) (citing Fed. R. Civ. P. 36(b))[1]; *see also*, *Wylie v. Transunion, LLC*, No. 3:16-cv-102, 2017 U.S. Dist. LEXIS 162127, at *6−7 (W.D. Pa. Sep. 29, 2017) (Gibson, J.) (characterizing Rule 36(b) as a "conjunctive two-prong test, requiring the Court to consider (1) the presentation of the merits of the action and (2) the prejudice to the requesting party."  A court's discretion to grant or deny a motion to withdraw admissions is very broad.  *Kyko Glob., Inc.*, 2020 U.S. Dist. LEXIS 41532, at *47−48.

---

[1] Because Rule 36(b) is subject to Rule 16(e), Defendants' brief applies an eight-factor test used to amend a final pretrial order under Rule 16(e).  ECF No. 173 at 8 (citing *Krys v. Aaron*, 312 F.R.D. 373 (D.N.J. 2015)).  However, the Court finds that, as a threshold matter, Defendants have not met their burden under Rule 36(b) for withdrawal of an admission.  The Court need not, therefore, address application of the eight-factor test for amendment of a final pretrial order.

As discussed in detail above, the Court finds that the withdrawal of Defendants' December 23, 2019 admission that Elder Resource Management "employed each of the individuals listed in Schedule A attached to Plaintiff's Complaint during the relevant time period," *see* ECF No. No. 42-1 ¶ 1, would prejudice DOL.

## IV.   Conclusion

For the reasons set forth above, Defendants' Motion for Leave to Amend Their Pretrial Statement and Otherwise Correct the Record is hereby DENIED.

IT IS SO ORDERED.

DATED this 23rd day of February, 2022.

<div style="margin-left:40%">

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

</div>

cc (via ECF email notification):
All Counsel of Record